Jarvis FONTAINE, Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Sound View Home Loan Trust 2006–3, Appellee.

No. 05–11–00067–CV.

Court of Appeals of Texas, Dallas.

June 15, 2012.

Rehearing Overruled July 26, 2012.

Jarvis Fontaine, Lancaster, pro se.

Lance J. Vander Linden, R. Kendall Yow, Brice, Vander Linden & Wernick, P.C., Dallas, for Appellee.

Douglas L. Stevick, Fort Worth, Robert W. Doggett, Austin, for Other.

Before Justices MORRIS, FILLMORE, and MYERS.

## OPINION ON REHEARING

Opinion By Justice MYERS.

We withdraw the opinion of April 11, 2012 and vacate the judgment of that date.

The following is now the opinion of this Court.

Jarvis Fontaine appeals the trial court's judgment awarding possession of residential real property to Deutsche Bank National Trust Company, as Trustee for Sound View Home Loan Trust 2006–3, in its forcible detainer action. Appellant brings three issues asserting the trial court erred in awarding appellee possession of the property because (a) appellant was the lessee of the property and (b) errors in the foreclosure process invalidated appellee's title to the property. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

In 2006, Mary Clayton purchased the residence at issue, and she signed a note and deed of trust securing the note. In 2008, Clayton signed a deed transferring the residence to Roy's & Son's L.L.C., with Roy Mitchell signing for the company. On August 1, 2009, Mitchell leased the residence to appellant for three years.

On November 3, 2009, the substitute trustee foreclosed on the deed of trust and sold the property to appellee under a substitute trustee's deed. On May 13, 2010, appellee sent notice to vacate to Clayton, appellant, and any other occupants of the residence. The notice demanded that the occupant vacate the property within three days or, if the occupant was "a bona-fide tenant," to vacate the property within ninety days.

On October 11, 2010, appellee filed this suit for forcible detainer against appellant, and the justice court awarded appellee possession of the property. Appellant, who is pro se in this Court and was pro se in the trial court, appealed the ruling to the county court at law. After a hearing,

that court also awarded possession of the property to appellee.

## FORCIBLE DETAINER ACTIONS

 A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936); *Rice,* 51 S.W.3d at 709. To maintain simplicity, the applicable rule of procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX.R. CIV. P. 746. Accordingly, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Rice,* 51 S.W.3d at 709. Whether a sale of property under a deed of trust is invalid may not be determined in a forcible detainer action but must be brought in a separate suit. *Scott,* 90 S.W.2d at 818; *Rice,* 51 S.W.3d at 710 (quoting *Scott* ).

 In the second and third issues, appellant contends the trial court erred in awarding appellee possession of the property because there were errors in the foreclosure process that invalidated the sale of the property to appellee and affected appellee's title. Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. *Shutter v. Wells Fargo Bank, N.A.,* 318 S.W.3d 467, 471 (Tex. App.-Dallas 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex.App.-Dallas 2010, no pet.). We overrule appellant's second and third issues.

## PROTECTING TENANTS AT FORECLOSURE ACT

 In his first issue, appellant contends that because he had a valid lease agreement, the trial court erred in awarding possession of the property to appellee. Appellant asserts, "According to the provisions of the law a tenant may remain on the property [in] question if he has a valid lease agreement prior to foreclosure on the property." At the trial court hearing, appellant argued he was entitled to remain in possession of the property after foreclosure under the federal Protecting Tenants at Foreclosure Act of 2009.[1] *See* Pub.L.

---

1. The PTFA provides,

TITLE VII—PROTECTING TENANTS AT FORECLOSURE ACT

**SEC. 701. SHORT TITLE.**

This title may be cited as the "Protecting Tenants at Foreclosure Act of 2009".

**SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY.**

(a) IN GENERAL.—In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title [May 20, 2009], any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—

 (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

(2) the rights of any bona fide tenant, as of the date of such notice of foreclosure—

(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or

(B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1),

No. 111–22, § 702, 123 Stat. 1632, 1660–61; 12 U.S.C. § 5220 note.

The Protecting Tenants from Foreclosure Act of 2009 (PTFA) provides two different types of protection to "bona fide tenants" of residential property after a foreclosure sale. First, "the successor in interest in such property pursuant to the foreclosure" must provide a bona fide tenant ninety days' notice before requiring the tenant to vacate. *See* § 702(a)(1), (2), 123 Stat. at 1661. Second, if a "bona fide lease" was entered into before the notice of foreclosure, then the lease is not terminated, and the successor in interest takes the property subject to the tenant's rights under the lease to occupy the premises until the end of the remaining term of the lease. § 702(a)(2)(A), 123 Stat. at 1661; *see Bank of N.Y. Mellon v. De Meo*, 227 Ariz. 192, 254 P.3d 1138, 1141 (Ariz.Ct.App.2011) (quoting *Nativi v. Deutsche Bank Nat'l Trust Co.*, No. 90–06096 PVT, 2010 WL 2179885, *3 (N.D.Cal. May 26, 2010)); *Bank of Am., N.A. v. Owens*, 28 Misc.3d 328, 903 N.Y.S.2d 667, 669 n. 6 (N.Y.City Ct.2010). The only exception is if the successor in interest sells the property to a purchaser who will occupy the premises as his primary residence. In that situation, the successor in interest may terminate the lease on the day of the sale but must still provide the tenant ninety days' notice to vacate. § 702(a)(2)(A), 123 Stat. at 1661. If there is a bona fide tenant but there is no lease or the lease is terminable at will, then the successor in interest may take possession of the property after giving the tenant ninety days' notice to vacate. § 702(a)(2)(B), 123 Stat. at 1661.

The PTFA defines "bona fide lease or tenancy" as one where (1) the tenant is not the mortgagor or the mortgagor's spouse, parent, or child; (2) the lease was entered into in an arm's-length transaction; and (3) the rent required by the lease or tenancy "is not substantially less than fair market rent for the property[,] or the unit's rent is reduced or subsidized due to a federal, State, or local subsidy." § 702(b), 123 Stat. at 1661.

Appellee argues that under Texas law, the lease was terminated at the foreclosure. *See* Tex. Prop.Code Ann. § 24.002(a)(2) (West 2000), § 24.005(b) (West Supp.2011); *Aspenwood Apartment Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 631 (Tex.App.-Houston [1st Dist.] 2011, pet. denied). Thus, appellee argues, if appellant was a bona fide tenant under the

---

except that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

(b) Bona Fide Lease or Tenancy.—For purposes of this section, a lease or tenancy shall be considered bona fide only if—

(1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;

(2) the lease or tenancy was the result of an arms-length transaction; and

(3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

(c) Definition.—For purposes of this section, the term "federally-related mortgage loan" has the same meaning as in section 3 of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. § 2602).

Pub.L. No. 111–22, §§ 701, 702, 123 Stat. 1632, 1660–61 (2009); 12 U.S.C. § 5220 note; *see also* Protecting Tenants at Foreclosure: Notice of Responsibilities Placed on Immediate Successors in Interest Pursuant to Foreclosure of Residential Property, 74 Fed.Reg. 30106–02 (June 24, 2009) (explaining the PTFA); Allyson Gold, *Interpreting the Protecting Tenants at Foreclosure Act of 2009*, 19 J. Affordable Housing & Community Dev. L. 205 (Winter 2010) (discussing the PTFA).

PTFA, then the only protection provided by the Act was the right to ninety days' notice to vacate, which appellant received. *See* § 702(a)(2)(B), 123 Stat. at 1661. The PTFA provides that the successor in interest due to the foreclosure "shall assume such interest subject to—... (2) the rights of any bona fide tenant, *as of the date of such notice of foreclosure.*" § 702(a)(2), 123 Stat. at 1661 (emphasis added). Thus, it is the tenant's rights as of the date of the foreclosure notice, not as of the date of foreclosure, that limit the interest of the successor in interest. Appellee does not dispute that "as of the date of such notice of foreclosure," appellant's lease was in effect.[2] Accordingly, section 702(a)(2)(B) does not apply.

Appellee also argues appellant is not entitled to the PTFA's protections because appellant presented no evidence on the three elements of a bona fide tenancy or lease. Appellee presented no evidence that the lease and tenancy were not bona fide. Appellee cites no authority that a tenant has the burden of proving a bona fide lease or tenancy to be entitled to the protections of the PTFA. The only decision we have located that discusses the question of burden of proof is from a trial court in Rochester, New York, which concluded that bona fide tenancy is presumed and placed the burden of proof on the successor in interest to prove the tenancy was not bona fide. *See Owens,* 903 N.Y.S.2d at 671–72. We are unaware of any appellate court ruling that addresses the issue of burden of proof.

In this situation, we conclude the appropriate action is to remand the case in the interest of justice to the trial court to permit the trial court to hear evidence on the bona fide status of appellant's lease and tenancy and on any other elements or defenses under the PTFA.[3] *See* TEX.R.APP. P. 43.3(b); *see also Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers,* 343 S.W.3d 112, 118 (Tex.2011); *Hidalgo v. Hidalgo,* 310 S.W.3d 887, 889 (Tex.2010). Accordingly, we sustain appellant's first issue.

## CONCLUSION

We reverse the trial court's judgment and remand the cause for further proceedings.

---

2. The substitute trustee's deed stated that notice of trustee's sale was mailed "at least twenty-one days prior to the date of sale indicated above," November 3, 2009. October 13, 2009 was twenty-one days before November 3. Appellant entered into the lease on August 1, 2009, which was ninety-four days before the notice of trustee's sale.

3. We make no ruling in this opinion concerning the burden of proof on the bona fide status of the lease and tenancy under the PTFA.