

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-12-00301-CV

TERRANCE T. WOODS                                                    APPELLANT

V.

PENNYMAC LOAN SERVICES,                                             APPELLEE
L.L.C.

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Terrance T. Woods appeals the county court's judgment in this forcible detainer action in favor of Pennymac Loan Services, L.L.C. (Pennymac). Finding no error, we affirm the judgment of the trial court.

---

[1]*See* Tex. R. App. P. 47.4.

**Factual and Procedural Background**

Terrance T. Woods and his wife purchased the residential property located at 2716 Gillespie Court, Grand Prairie, Texas in November 2006. In order to finance the purchase, Woods and his wife executed a Note and Deed of Trust in favor of Wilmington Finance, Inc. (Wilmington) encumbering the property. The Deed of Trust named Mortgage Electronic Registration Systems (MERS) as nominee for Wilmington and as beneficiary with the authority to hold legal title to and interest under the Deed of Trust, including the right to foreclose and sell the property. Subsequently, MERS exercised its rights under the Deed of Trust and sold the property at a nonjudicial foreclosure sale to Pennymac on April 3, 2012. Three days later, on April 6, 2012, Pennymac notified Woods and his wife in writing that they must vacate the property. When they refused to vacate, Pennymac instituted this forcible detainer action in justice court on April 27, 2012. After notice and a jury trial, the justice court awarded possession of the property to Pennymac on May 17, 2012.

Woods, who appeared pro se in the trial court and who appears pro se in this Court, appealed the judgment of the justice court to the county court at law. The county court heard evidence and affirmed judgment in favor of Pennymac awarding possession to Pennymac on July 18, 2012. This appeal followed.

In two points, Woods maintains that the county court judgment must be reversed because (1) the court failed to address Woods's plea to the jurisdiction and (2) Woods received insufficient notice to vacate pursuant to the federal

2

Protecting Tenants from Foreclosure Act (PTFA), Pub. L. No. 111–22, 123 Stat. 1632, 1660–61 (2009) (codified as 12 U.S.C. § 5220 note).

## Analysis

### Subject Matter Jurisdiction

Woods first argues that the county court erred by failing to conduct a hearing on his pleas challenging subject matter jurisdiction. Subject matter jurisdiction is essential for a court to have authority to decide a case; it is never presumed and cannot be waived. *See Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "Subject matter jurisdiction requires that the party bringing the suit have standing, that there [exist] a live controversy between the parties, and that the case be justiciable." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). Before a court may address the merits of any case, the court must determine at its earliest opportunity whether it has the constitutional or statutory authority to proceed. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court. *Gomez*, 891 S.W.2d at 245. Whether a court has subject matter jurisdiction is a question of law we review de novo. *Miranda*, 133 S.W.3d at 226. "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. Likewise, whether undisputed evidence of jurisdictional

3

facts establishes a trial court's jurisdiction is also a question of law." *Id.* "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id.* at 227.

A forcible detainer action is a procedure by which the right to immediate possession of real property is determined. *See Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.); Tex. R. Civ. P. 746. It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (Tex. 1936). Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. Tex. Prop. Code Ann. § 24.004 (West Supp. 2012), *amended by* Act of May 13, 2013, 83rd Leg., R.S., ch. 161, § 22.002(28), 2013 Tex. Sess. Law Serv. ____, ____ (West); Tex. R. Civ. P. 749. To prevail in a forcible detainer action, the plaintiff need not prove title but only sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Additionally, the mere existence of a title dispute does not deprive a justice court or county court on appeal of jurisdiction over a forcible detainer action. *See Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.). "However, if the question of

4

title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title." *Dormady*, 61 S.W.3d at 557. In those cases, when possession cannot be determined until the issue of title is decided, neither the justice court, nor the county court on appeal, has jurisdiction. *Id.* at 558.

In its forcible detainer action, Pennymac pled that it was the owner of the subject property having purchased it at a nonjudicial foreclosure sale as evidenced by a Deed from the Substitute Trustee following the foreclosure sale. Pennymac attached a notarized copy of the Substitute Trustee's deed to the pleadings with a notarized statement of facts and filed copies of several notices demanding that Woods vacate the property. Pennymac further pled that, pursuant to state statute and provisions of the Deed of Trust, Woods was required to surrender possession of the property to Pennymac but had failed to vacate after proper notice. In response and in his plea to the jurisdiction, Woods pled that Pennymac had no evidence supporting its right of possession and that the court should dismiss or abate the forcible detainer action pending resolution of Woods's suit in federal court to determine title.

The record before us is limited to the clerk's record; no reporter's record of either hearing has been filed. The clerk's record contains a notarized copy of the substitute deed of trust evidencing that Pennymac purchased the property. Woods did not plead that the Substitute Trustee's Deed was void, only that Pennymac lacked evidence of right to possession. Additionally, subject matter

5

jurisdiction in a forcible detainer action is not defeated simply by the fact that a concurrent suit is pending in federal court. *See Scott*, 127 Tex. at 35, 90 S.W.2d at 818–19. A forcible detainer action is cumulative of other remedies, not exclusive. *Id.* In most cases, the right to immediate possession can be determined separately from the right to title*. See Rice*, 51 S.W.3d at 710. In fact, as previously noted, the justice court and county court on appeal lose jurisdiction only when the issue of title and possession are so integrally linked that the right to immediate possession cannot be determined until after the title dispute has been decided. *See Dormady,* 61 S.W.3d at 558–59.

The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). Here, the county court's judgment reflects that the court received and considered evidence prior to rendering its judgment. When there is no reporter's record made and there are no findings of fact, we presume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Based on this record, we cannot conclude that questions of title and possession are so integrally linked that the trial court lacked subject matter jurisdiction to adjudicate the right to immediate possession. *See Dormady*, 61 S.W.3d at 558–59. Woods's first point is overruled.

**Protecting Tenants from Foreclosure Act**

In his second point, Woods contends that Pennymac has "deemed" him a tenant, and thus, he was entitled to ninety-day notice under the PTFA. 12 U.S.C.A. § 5220 note. Woods relies on *Fontaine v. Deutsche Bank National Trust Company,* 372 S.W.3d 257 (Tex. App.—Dallas 2012, pet. dism'd w.o.j.). In *Fontaine,* appellant Jarvis Fontaine appealed an adverse ruling in a forcible detainer action on the basis that he had a valid three-year lease in the foreclosed residential property providing him certain protections under the PTFA. *Id.* at 258–59. In analyzing his claim, the Dallas court examined various provisions of the statute including that "bona fide tenants" residing in foreclosed residential real property are entitled to at least ninety days advance notice of their obligation to vacate the premises before they can be evicted. *Id.* at 260 *(*citing PTFA, § 702(a)-(b)). Appellee, Deutsche Bank National Trust Company*,* argued in part that Fontaine was not entitled to the PTFA's protections because Fontaine had not met his burden of establishing bona fide tenancy or lease*. Id.* at 260–61. The court noted that the question of burden of proof under the statute was unclear. *Id*. at 261. The court further discussed that one New York court had presumed bona fide tenancy, thus placing the burden on the successor in interest to prove the tenancy was not bona fide. *Id.* The Dallas court concluded that, in the interest of justice, the case should be remanded to permit the trial court "to hear evidence on the bona fide status of appellant's lease and tenancy and on any other elements or defenses under the PTFA." *Id.*

We find *Fontaine* distinguishable from the case before us. The evidence in *Fontaine* established that appellant had leased the residence for a term of three years from the property owner approximately three months prior to the property's foreclosure. Under the PTFA, a tenant is a person who holds a **bona fide lease** entered into **prior** to the foreclosure that provides him or her certain rights of occupancy after foreclosure. PTFA, § 702(a)(2)(A), 123 Stat. at 1661. Here, Woods admitted in his own briefing that he owned the property prior to the foreclosure sale. Therefore, *Fontaine* is distinguishable and not dispositive. Moreover, because there is no reporter's record, we must again presume the trial court had before it and considered all necessary facts to support the trial court's judgment. *See Schafer,* 813 S.W.2d at 155. Accordingly, we overrule Woods's second point.

## Conclusion

We affirm the trial court's judgment.

PHYLIS J. SPEEDLIN
JUSTICE

PANEL: WALKER and MCCOY, JJ.; and PHYLIS J. SPEEDLIN (Senior Justice, Retired, Sitting by Assignment)

DELIVERED: August 22, 2013

8