# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00007-CV

**Alvie Campbell, Appellant**

**v.**

**Wells Fargo Bank, N.A., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 11-1742-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alvie Campbell, acting pro se, appeals the judgment on a bench trial granting possession of certain residential real property to Wells Fargo Bank, N.A. in a forcible detainer suit. Campbell's appellate issues challenge the dismissal of his motion to dismiss, the process leading to the foreclosure sale through which Wells Fargo purchased the property, and Wells Fargo's standing to sue. Because we conclude that Wells Fargo's evidence at trial proved its entitlement to immediate possession of the subject property, we will affirm the trial court's judgment.

## BACKGROUND

Campbell purchased the property at issue in 2004 and executed a note, securing the note with a deed of trust, which stated:

> If the Property is sold pursuant to this paragraph [setting forth nonjudicial foreclosure procedure under the deed of trust after Borrower's uncured default], Borrower . . . shall immediately surrender possession of the Property to the purchaser at that sale.

If possession is not surrendered, Borrower . . . shall be a tenant at sufferance and may be removed by writ of possession.

Campbell ceased making payments. After he failed to cure this default, notices of acceleration were sent to him, and later, a substitute trustee sold the property at a foreclosure sale to Wells Fargo. Wells Fargo's counsel sent Campbell notice to vacate the property. Campbell refused.

Wells Fargo then filed a forcible detainer suit in justice court. Meanwhile, Campbell filed suit in district court challenging Wells Fargo's right to foreclose on the property. Campbell's wrongful-foreclosure claim was ultimately unsuccessful before the district court and on appeal to this Court. *See Campbell v. Mortgage Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.).[1] The justice court determined that Wells Fargo was entitled to possession of the premises, and Campbell filed an appeal of the justice court's judgment to the county court at law. At the conclusion of the bench trial, the court found that Wells Fargo had the superior right to possession of the property and signed a judgment in its favor. This appeal followed.

## ANALYSIS

On appeal, Campbell contends that the trial court erred in dismissing his motion to dismiss, which alleged that there were unaddressed issues of title and challenged Wells Fargo's standing to sue and the foreclosure process through which Wells Fargo purchased the property.

---

[1] Before foreclosure, Campbell filed a separate suit in district court raising an unsuccessful challenge to the validity of the assignment of his note and deed of trust from Mortgage Electronic Registration Systems, Inc. to Wells Fargo. *See In re Campbell*, No. 03-11-00524-CV, 2012 Tex. App. LEXIS 4024 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.).

However, the only issue in a forcible detainer suit is the right to actual possession of real property, not the merits of the title. *See* Tex. R. Civ. P. 746.[2] Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer suit. *Fontaine v. Deutsche Bank Nat'l Trust Co.*, 372 S.W.3d 257, 259 (Tex. App.—Dallas 2012, pet. dism'd w.o.j.) (op. on reh'g). Further, this Court has already considered and rejected Campbell's wrongful foreclosure arguments. *See Campbell*, 2012 Tex. App. LEXIS 4030, at *15-16.

Campbell's remaining issue in this forcible detainer appeal, that there is no evidence of a landlord-tenant relationship between Campbell and Wells Fargo, lacks merit.[3] Forcible detainer is intended to be a speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926-27 (Tex. App.—Dallas 2010, no pet.) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)). A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a); *see also Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV,

---

[2] The Texas Supreme Court repealed Rule 746 effective August 31, 2013, when it promulgated new rules for justice courts, but the same issue limitation is carried forward in Rule 510.3(e). Tex. R. Civ. P. 746, 47 Tex. B.J. 44 (1983, repealed 2013); *see* Tex. R. Civ. P. 510.3(e) ("only issue" before justice court in eviction cases is "right to actual possession and not title").

[3] We do not consider the exhibits attached to Campbell's briefing that are outside the record. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (prohibiting affidavits outside the record from being considered by appellate court for any purpose other than determining its own jurisdiction); *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.) (citing *Sabine* and noting general rule that documents attached to brief as exhibit or appendix but not in record cannot be considered on appellate review).

2013 Tex. App. LEXIS 10111, at *3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.). To prevail, the plaintiff in a forcible detainer suit need only show sufficient evidence of ownership demonstrating a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

To establish forcible detainer, Wells Fargo had to prove that (1) it was the owner of the property in question, (2) Campbell occupied the property at the time of foreclosure, (3) the foreclosure was of a lien superior to Campbell's right to possession, (4) Wells Fargo made a written demand for possession in accordance with section 24.005 of the Texas Property Code, and (5) Campbell refused to vacate. *See* Tex. Prop. Code §§ 24.002, .005; *Reardean*, 2013 Tex. App. LEXIS 10111, at *3-4 (citing *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).

Wells Fargo's evidence at trial included copies of Campbell's deed of trust, the substitute trustee's deed conveying the property to Wells Fargo after it purchased the property at the foreclosure sale, and the notice to vacate that Wells Fargo's counsel sent to Campbell and all occupants of the subject property by certified and regular mail.[4] The substitute trustee's deed showed that Wells Fargo purchased the property under the terms of the deed of trust after Campbell's default. The deed of trust showed that Campbell became a tenant at sufferance by refusing to surrender possession of the property after it was sold at a nonjudicial foreclosure sale. Further, the copies of the notice mailed by Wells Fargo to Campbell advised him that his tenancy was being terminated and that he was required to vacate the property. Campbell did not deny receiving

_____

[4] Alvie Campbell is the only appellant in this cause.

4

notice of the substitute trustee's sale or notice to vacate and did not present any evidence controverting Wells Fargo's evidence at trial. Wells Fargo's evidence was sufficient to establish its right to immediate possession of the property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd) (considering similar evidence); *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (same); *Williams*, 315 S.W.3d at 927 (same); *see also Reardean*, 2013 Tex. App. LEXIS 10111, at *4-5 (same); *Hornsby v. Secretary of Veterans Affairs*, No. 05-11-01075-CV, 2012 Tex. App. LEXIS 6880, at *7 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op.) (same).

Even if Campbell had not already litigated issues of title in his wrongful foreclosure suit, the provisions in his deed of trust allowed the trial court to resolve the issue of possession. When, as here, a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *Schlichting*, 346 S.W.3d at 199-200 (citing *Rice*, 51 S.W.3d at 712). It is undisputed that Campbell failed to surrender possession of the subject property to Wells Fargo, the purchaser of the property at the foreclosure sale. Because Campbell's deed of trust permitted nonjudicial foreclosure and because the foreclosure under the deed of trust created a landlord and tenant-at-sufferance relationship between Wells Fargo and Campbell, it was not necessary to resolve a title dispute to determine the right of immediate possession. *See id.*; *see also Hornsby*, 2012 Tex. App. LEXIS 6880, at *7 ("Although [appellant] challenges the chain of title to the property, 'the merits of the title shall not be adjudicated' in a forcible detainer action." (quoting Tex. R. Civ. P. 746)); *Stephens v. Federal Home Loan Mortg. Corp.*, No. 02-10-00251-CV, 2011 Tex. App. LEXIS 3056, at *5 (Tex. App.—Fort Worth Apr. 21,

2011, no pet.) (mem. op.) (holding Federal Home was not required to "connect the dots" between original lender and mortgage servicer regarding title; substitute trustee's deed evidenced Federal Home purchased property after plaintiff's default); *Deubler v. Bank of New York Mellon*, No. 02-10-00125-CV, 2011 Tex. App. LEXIS 2644, at *3-4 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding party was not required to present evidence establishing linkage between deed of trust and substitute trustee's deed to establish superior right to possession); *Kaldis v. Aurora Loan Servs.*, No. 01-09-00270-CV, 2010 Tex. App. LEXIS 4831, at *9 (Tex. App.—Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem. op.) (holding whether substitute trustee's deed was "void" or "deficient" or whether there was "a gap in the chain of title/ownership" was issue outside scope of forcible detainer action). Accordingly, we overrule Campbell's appellate issues.

## CONCLUSION

We affirm the trial court's judgment.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 20, 2013