# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00271-CV

**Kevin Bierwirth, Appellant**

**v.**

**Federal National Mortgage Association a/k/a Fannie Mae, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-12-001264, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kevin Bierwirth, acting pro se, appeals the judgment on a jury trial granting possession of certain residential real property to Federal National Mortgage Association (Fannie Mae) in a forcible detainer suit.[1]  Bierwirth's appellate issues challenge the process leading to the foreclosure sale through which Fannie Mae purchased the property.  Because we conclude that Fannie Mae's evidence at trial proved its entitlement to immediate possession of the property, we will affirm the trial court's judgment.

---

[1] Bierwirth's history with foreclosures and forcible detainers on his real-estate properties is well documented with this Court.  *See, e.g.*, *Bierwirth v. BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP*, No. 03-12-00583-CV, 2014 Tex. App. LEXIS 1811 (Tex. App. —Austin, Feb. 20, 2014, no pet. h.) (mem. op.); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.); *Bierwirth v. TIB-The Indep. Bankers Bank*, No. 03-11-00336-CV, 2012 Tex. App. LEXIS 6681 (Tex. App.—Austin Aug. 10, 2012, no pet.) (mem. op.); *In re Bierwirth*, No. 03-12-00488-CV, 2012 Tex. App. LEXIS 6205 (Tex. App.—Austin July 26, 2012, orig. proceeding) (mem. op.); *see also Bierwirth v. Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae*, No. 03-13-00076-CV; *Bierwirth v. Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae*, No. 03-12-00430-CV.

## BACKGROUND

Bierwirth purchased the property at issue in 2007 and executed a note, securing the note with a deed of trust, which stated:

> If the Property is sold pursuant to this Section [authorizing nonjudicial foreclosure under the deed of trust after Borrower's uncured default], Borrower . . . shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower . . . shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Bierwirth ceased making payments. After he failed to cure this default, notices of acceleration were sent to him, and later, a substitute trustee sold the property at a foreclosure sale to Fannie Mae. Fannie Mae's counsel sent Bierwirth notice to vacate the property. Bierwirth refused.

Fannie Mae then filed a forcible-detainer suit in justice court. Bierwirth obtained an abatement of the suit pending resolution of his previously filed declaratory-judgment action challenging the right to foreclose on the property, which was pending in Travis County district court and later removed to federal court.[2] The federal court signed a final judgment against Bierwirth and denied his motion for new trial. But the justice court determined that Bierwirth was entitled to retain possession of the premises. Fannie Mae filed an appeal de novo of the justice court's judgment to the county court at law, which held a jury trial. At the conclusion of the trial, the jury unanimously found that Fannie Mae had the superior right to possession of the property. The trial court signed a judgment in accordance with the jury's verdict. This appeal followed.

---

[2] *See Bierwirth v. MERS*, No. A-11-CV-758-LY, 2011 WL 7656698 (W.D. Tex. Aug. 30, 2011) (notice of removal).

2

**ANALYSIS**

All of Bierwirth's appellate issues challenge the process leading to the foreclosure sale through which Fannie Mae purchased the property.[3] In his view, because the foreclosure sale was not proper, Fannie Mae had no standing to sue for forcible detainer.[4]

However, such arguments are beyond the scope of a forcible detainer suit. Forcible detainer is a procedure to determine the right to immediate possession of real property where there is no unlawful entry, *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.), and in these suits, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746.[5] Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer suit. *Fontaine v. Deutsche Bank Nat'l Trust Co.*, 372 S.W.3d 257, 259 (Tex. App.—Dallas 2012, pet. dism'd w.o.j.) (op. on reh'g).

---

[3] In a related argument, which in his view affected the trial court's jurisdiction, Bierwirth speculates that BAC Home Loans Servicing, LP (BAC) lacked authority to foreclose on the property that Fannie Mae bought at the January 4, 2011 foreclosure sale because BAC is no longer registered to do business with the Secretary of State and is not identified in the Texas Comptroller's franchise-tax records. This argument is not persuasive because BAC merged with Bank of America, N.A. *See Sheikholestami v. BAC Home Loans Servicing, L.P.*, No. 4:11CV462, 2011 WL 4916552, at *1 (E.D. Tex. 2011); (noting that on July 1, 2011, BAC Home Loans Servicing, LP merged with Bank of America, N.A.).

[4] Bierwirth further argues that the trial court lacked subject-matter jurisdiction because under chapter 9 of the business organizations code, "Fannie Mae is precluded from bringing an action, suit or proceeding in this state" for its lack of registration with the Texas Secretary of State. This argument is not persuasive because chapter 9 exempts such registration for certain activities that do not constitute transaction of business in this state, including—as to a debt secured by a mortgage or lien on real property in this state—enforcing or adjusting a right or property securing the debt. *See* Tex. Bus. Orgs. Code § 9.251(12)(C). Here, Fannie Mae's forcible-detainer action sought to enforce its right to possession of the property securing Bierwirth's debt.

[5] The Texas Supreme Court repealed Rule 746 effective August 31, 2013, when it promulgated new rules for justice courts, but the same issue limitation is carried forward in Rule 510.3(e). Tex. R. Civ. P. 746, 76 Tex. B.J. 464 (1983, repealed 2013); *see* Tex. R. Civ. P. 510.3(e) ("only issue" before justice court in eviction cases is "right to actual possession and not title").

3

Forcible detainer is intended to be a speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title. *Williams*, 315 S.W.3d at 926-27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)). A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a); *see also Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 Tex. App. LEXIS 10111, at *3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.). To prevail, the plaintiff in a forcible detainer suit need only show sufficient evidence of ownership demonstrating a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

To establish forcible detainer, Fannie Mae had to prove that: (1) it was the owner of the property in question, (2) Bierwirth occupied the property at the time of foreclosure, (3) the foreclosure was of a lien superior to Bierwirth's right to possession, (4) Fannie Mae made a written demand for possession in accordance with section 24.005 of the property code, and (5) Bierwirth refused to vacate. *See* Tex. Prop. Code §§ 24.002, .005; *Reardean*, 2013 Tex. App. LEXIS 10111, at *3-4 (citing *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)). Fannie Mae's evidence, admitted after Bierwirth's counsel informed the trial court that there was "no objection" to it, included copies of Bierwirth's deed of trust, the substitute trustee's deed conveying the property to Fannie Mae after it purchased the property at the foreclosure sale, and the notice to vacate that Fannie Mae's counsel sent to Bierwirth by certified and regular mail. The substitute trustee's deed showed that Fannie Mae purchased the property under the terms of the deed of trust after Bierwirth's default. The deed of trust showed that Bierwirth became a tenant at sufferance by refusing to surrender possession of the property after it was sold at a nonjudicial foreclosure sale. Further, the copies of the notice mailed

by Fannie Mae to Bierwirth advised him that his tenancy was being terminated and that he was required to vacate the property. Bierwirth did not deny receiving notice of the substitute trustee's sale or notice to vacate and did not present any evidence controverting Fannie Mae's evidence at trial. Fannie Mae's evidence was sufficient to establish its right to immediate possession of the property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd) (considering similar evidence); *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (same) ; *Williams*, 315 S.W.3d at 927 (same); *see also Reardean*, 2013 Tex. App. LEXIS 10111, at \*4-5 (same); *Hornsby v. Secretary of Veterans Affairs*, No. 05-11-01075-CV, 2012 Tex. App. LEXIS 6880, at \*7 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op.) (same).

As previously noted, in a forcible detainer action the trial court cannot determine whether the sale of property under a deed of trust is invalid; rather, the displaced property occupant is entitled to bring a separate suit in district court to resolve any title issues. *Rice*, 51 S.W.3d at 710 (citing *Scott*, 90 S.W.2d at 818-19). Bierwirth admits that he filed a separate suit "concerning title, not possession" of the property at issue here. That suit was removed to federal court and proceeded to final judgment, and Bierwirth's motion for new trial was denied.

In any event, where as here, a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *Schlichting*, 346 S.W.3d at 199-200 (citing *Rice*, 51 S.W.3d at 712). Because Bierwirth's deed of trust permitted nonjudicial foreclosure and because the foreclosure under the deed of trust created a landlord and tenant-at-sufferance relationship between Fannie Mae and Bierwirth, it was not necessary to resolve a title dispute to determine the right of immediate possession. *See id.*; *see also Hornsby*, 2012 Tex.

5

App. LEXIS 6880, at *7 ("Although [appellant] challenges the chain of title to the property, 'the merits of the title shall not be adjudicated' in a forcible detainer action." (quoting Tex. R. Civ. P. 746)); *Stephens v. Federal Home Loan Mortg. Corp*., No. 02-10-00251-CV, 2011 Tex. App. LEXIS 3056, at *5 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding Federal Home was not required to "connect the dots" between original lender and mortgage servicer regarding title; substitute trustee's deed evidenced Federal Home purchased property after plaintiff's default); *Deubler v. Bank of New York Mellon*, No. 02-10-00125-CV, 2011 Tex. App. LEXIS 2644, at *3-4 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding party was not required to present evidence establishing linkage between deed of trust and substitute trustee's deed to establish superior right to possession); *Kaldis v. Aurora Loan Servs*., No. 01-09-00270-CV, 2010 Tex. App. LEXIS 4831, at *9 (Tex. App.—Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem. op.) (holding whether substitute trustee's deed was "void" or "deficient" or whether there was "a gap in the chain of title/ownership" was issue outside scope of forcible-detainer action). Accordingly, we overrule Bierwirth's appellate issues.

## CONCLUSION

We affirm the trial court's judgment.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   February 27, 2014