# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00076-CV

**Kevin Bierwirth, Appellant**

**v.**

**Federal National Mortgage Association a/k/a Fannie Mae, Appellee**

#### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
#### NO. 12-1685-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kevin Bierwirth, acting pro se, appeals the judgment on a bench trial granting possession of certain residential real property to Federal National Mortgage Association (Fannie Mae) in a forcible detainer suit.[1] Bierwirth's appellate issues challenge the process leading to the foreclosure sale through which Fannie Mae purchased the property and Fannie Mae's standing to

---

[1] Bierwirth's history of difficulties with foreclosures and forcible detainers on his real-estate properties is well documented with this Court. *See, e.g.*, *Bierwirth v. Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae*, No. 03-12-00430-CV, 2014 Tex. App. LEXIS 2177 (Tex. App.—Austin Feb. 27, 2014, no pet. h.) (mem. op.); *Bierwirth v. Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae*, No. 03-12-00271-CV, 2014 Tex. App. LEXIS 2242 (Tex. App.—Austin Feb. 27, 2014, no pet. h.) (mem. op.); *Bierwirth v. BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP*, No. 03-12-00583-CV, 2014 Tex. App. LEXIS 1811 (Tex. App.—Austin Feb. 20, 2014, no pet. h.) (mem. op.); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.); *Bierwirth v. TIB-The Indep. Bankers Bank*, No. 03-11-00336-CV, 2012 Tex. App. LEXIS 6681 (Tex. App.—Austin Aug. 10, 2012, no pet.) (mem. op.); *In re Bierwirth*, No. 03-12-00488-CV, 2012 Tex. App. LEXIS 6205 (Tex. App.—Austin July 26, 2012, orig. proceeding) (mem. op.).

sue. Because we conclude that Fannie Mae's evidence at trial proved its entitlement to immediate possession of the property, we will affirm the trial court's judgment.

**BACKGROUND**

Bierwirth purchased the property at issue in 2006 and executed a note, securing the note with a deed of trust, which stated:

> If the Property is sold pursuant to this Section [authorizing nonjudicial foreclosure under the deed of trust after Borrower's uncured default], Borrower . . . shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower . . . shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Bierwirth ceased making payments. After he failed to cure this default, notices of acceleration were sent to him, and later, a substitute trustee sold the property at a foreclosure sale to Fannie Mae. Fannie Mae's counsel sent Bierwirth notice to vacate the property. Bierwirth refused. Fannie Mae then filed a forcible-detainer suit in justice court. The justice court determined that Fannie Mae was entitled to possession of the premises. Bierwirth filed an appeal de novo of the justice court's judgment to the county court at law, which held a bench trial. At the conclusion of the trial, the court found that Fannie Mae had the superior right to possession of the property and signed a judgment in favor of Fannie Mae.

On appeal, Bierwirth challenges the foreclosure process through which Fannie Mae purchased the property and Fannie Mae's standing to sue. However, the only issue in a forcible detainer suit is the right to actual possession of real property; not the merits of the title. *See* Tex. R.

Civ. P. 746.[2]  Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer suit. *Fontaine v. Deutsche Bank Nat'l Trust Co.*, 372 S.W.3d 257, 259 (Tex. App.—Dallas 2012, pet. dism'd w.o.j.) (op. on reh'g).  As such, we need not address Bierwirth's issues that the foreclosure sale was fraudulent and a nullity and that the substitute trustee's deed is fraudulent because Fannie Mae did not pay any consideration to the substitute trustee for the property.

Bierwirth's remaining issues, challenging Fannie Mae's standing to sue and arguing that Fannie Mae's purchase of property at foreclosure violates its corporate charter, lack merit.[3] Bierwirth contends Fannie Mae is not registered to do business with the Secretary of State under chapter 9 of the Texas Business Organizations Code and as such, cannot file suit in Texas. This argument is not persuasive because Fannie Mae's forcible-detainer action, seeking to enforce its right to possession of the property securing Bierwirth's debt, did not constitute the transaction of business in Texas and did not require registration.  *See* Tex. Bus. Orgs. Code § 9.251(12)(C) (excluding from definition of "transaction of business" certain activities, including—as to debt secured by mortgage or lien on real property in this state—enforcing or adjusting right or property securing debt).  Bierwirth also contends that Fannie Mae's purchase of his property at a foreclosure

---

[2]  The Texas Supreme Court repealed Rule 746 effective August 31, 2013, when it promulgated new rules for justice courts, but the same issue limitation is carried forward in Rule 510.3(e).  Tex. R. Civ. P. 746, 47 Tex. B.J. 44 (1983, repealed 2013); *see* Tex. R. Civ. P. 510.3(e) ("only issue" before justice court in eviction cases is "right to actual possession and not title").

[3]  We do not consider the exhibits attached in the appendices to Bierwirth's briefing that are outside the record.  *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (prohibiting affidavits outside the record from being considered by appellate court for any purpose other than determining its own jurisdiction); *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.) (citing *Sabine* and noting general rule that documents attached to brief as exhibit or appendix but not in record cannot be considered on appellate review).

3

sale is in violation of its corporate charter, which Congress must rescind. This argument is incorrect because Fannie Mae's charter specifically authorizes the purchase of real property. *See* 12 U.S.C.A. § 1723a(a) (granting Fannie Mae power to "lease purchase, or acquire any property, real personal, or mixed" and to "do all things as are necessary or incidental to the proper management of its affairs and to the proper conduct of its business").

Forcible detainer is intended to be a speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926-27 (Tex. App.—Dallas 2010, no pet.) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)). A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a); *see also Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 Tex. App. LEXIS 10111, at *3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.). To prevail, the plaintiff in a forcible detainer suit need only show sufficient evidence of ownership demonstrating a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

To establish forcible detainer, Fannie Mae had to prove that: (1) it was the owner of the property in question, (2) Bierwirth occupied the property at the time of foreclosure, (3) the foreclosure was of a lien superior to Bierwirth's right to possession, (4) Fannie Mae made a written demand for possession in accordance with section 24.005 of the property code, and (5) Bierwirth refused to vacate. *See* Tex. Prop. Code §§ 24.002, .005; *Reardean*, 2013 Tex. App. LEXIS 10111, at *3-4 (citing *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)). Fannie Mae's evidence at trial, to which

Bierwirth's counsel stated she had "no objection," included certified copies of Bierwirth's deed of trust and of the substitute trustee's deed conveying the property to Fannie Mae after it purchased the property at the foreclosure sale, and copies of the notice to vacate that Fannie Mae's counsel sent to Bierwirth by certified and regular mail. The substitute trustee's deed showed that Fannie Mae purchased the property under the terms of the deed of trust after Bierwirth's default. The deed of trust showed that Bierwirth became a tenant at sufferance by refusing to surrender possession of the property after it was sold at a nonjudicial foreclosure sale. Further, the copies of the notice mailed by Fannie Mae to Bierwirth advised him that his tenancy was being terminated and that he was required to vacate the property. Bierwirth did not present any evidence controverting Fannie Mae's evidence at trial, and Fannie Mae's evidence was sufficient to establish its right to immediate possession of the property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd) (considering similar evidence); *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (same); *Williams*, 315 S.W.3d at 927 (same); *see also Reardean*, 2013 Tex. App. LEXIS 10111, at *4-5 (same); *Hornsby v. Secretary of Veterans Affairs*, No. 05-11-01075-CV, 2012 Tex. App. LEXIS 6880, at *7 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op.) (same).

Where, as here, a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *Schlichting*, 346 S.W.3d at 199-200 (citing *Rice*, 51 S.W.3d at 712). Because Bierwirth's deed of trust permitted nonjudicial foreclosure and because the foreclosure under the deed of trust created a landlord and tenant-at-sufferance relationship between Fannie Mae and Bierwirth, it was not necessary to resolve a title dispute to determine the right of immediate possession. *See id.*; *see also Hornsby*,

5

2012 Tex. App. LEXIS 6880, at *7 ("Although [appellant] challenges the chain of title to the property, 'the merits of the title shall not be adjudicated' in a forcible detainer action." (quoting Tex. R. Civ. P. 746)); *Stephens v. Federal Home Loan Mortg. Corp.*, No. 02-10-00251-CV, 2011 Tex. App. LEXIS 3056, at *5 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding Federal Home was not required to "connect the dots" between original lender and mortgage servicer regarding title; substitute trustee's deed evidenced Federal Home purchased property after plaintiff's default); *Deubler v. Bank of New York Mellon*, No. 02-10-00125-CV, 2011 Tex. App. LEXIS 2644, at *3-4 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding party was not required to present evidence establishing linkage between deed of trust and substitute trustee's deed to establish superior right to possession); *Kaldis v. Aurora Loan Servs.*, No. 01-09-00270-CV, 2010 Tex. App. LEXIS 4831, at *9 (Tex. App.—Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem. op.) (holding whether substitute trustee's deed was "void" or "deficient" or whether there was "a gap in the chain of title/ownership" was issue outside scope of forcible-detainer action). Accordingly, we overrule Bierwirth's appellate issues.

## CONCLUSION

We affirm the trial court's judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   March 6, 2014