**Robert J. SCHLICHTING, Appellant,**

v.

**LEHMAN BROTHERS BANK FSB, Appellee.**

No. 05–10–00223–CV.

Court of Appeals of Texas, Dallas.

July 19, 2011.

Rehearing Overruled Sept. 2, 2011.

Jason Charles Ciarochi, Ciarochi Law Firm, PLLC, Dallas, TX, for Appellant.

Jack O'Boyle, Travis Gray, Jack O'Boyle and Associates, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from a judgment of possession in a forcible detainer action.  In

four points of error, appellant Robert J. Schlichting contends the evidence is legally and factually insufficient to support the judgment, the trial court was without jurisdiction to adjudicate the superior right of possession, and the action was barred by the statute of limitations. Finding no merit in appellant's arguments, we affirm the trial court's judgment.

## I.

On December 31, 1999, appellant executed a first lien and deed of trust to secure a home equity loan in the amount of $97,500. Appellant defaulted on the loan and the property was sold at a non-judicial foreclosure sale on January 1, 2008. Appellee Lehman Brothers Bank FSB was the purchaser. Under the terms of the deed of trust, appellant was required to surrender possession of the home to the purchaser immediately and, if he did not, he became a tenant-at-sufferance who could be removed by a writ of possession. Appellant did not immediately vacate the property.

On August 11, 2009, Lehman Brothers sent appellant a letter terminating his tenancy-at-sufferance and instructing him to vacate the property within three days. When appellant did not vacate the property, Lehman Brothers filed this forcible detainer action in justice court. On September 4, 2009, the judge of the justice court ordered that Lehman Brothers recover possession of the property at issue. Appellant appealed the judgment to the county court at law. After conducting a non-jury trial on the matter, the county court granted Lehman Brothers a judgment of possession. Appellant then appealed the county court's judgment to us.

## II.

■ In his first two points of error, appellant contends the evidence is legally and factually insufficient to support the trial court's judgment. In a forcible detainer action, the only issue for the trial court to determine is which party has the immediate right to possession of the property. *See Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex.App.-Dallas 2010, no pet.). The action is intended to be a speedy, simple, and inexpensive means to obtain possession without resorting to an action on the title. *Id.* at 926–27. To prevail, Lehman Brothers was not required to prove title but only to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.).

The evidence admitted at trial included the deed of trust, the substitute trustee's deed, and the notice to appellant and any other occupants to vacate the property. The substitute trustee's deed showed that Lehman Brothers purchased the subject property in a non-judicial foreclosure sale after appellant defaulted under the terms of the deed of trust. The deed of trust stated that appellant became a tenant-at-sufferance when he did not vacate the property after Lehman Brothers purchased it. Finally, the notice sent by Lehman Brothers to appellant informed him that his tenancy was being terminated and he was required to vacate the property. This evidence was legally and factually sufficient to establish Lehman Brothers's right to immediate possession of the property. *See Williams*, 315 S.W.3d at 927.

■ Appellant argues the evidence is insufficient to support the judgment of possession because he submitted into evidence at trial a "senior deed" showing that Lehman Brothers had no valid title or interest in the property. Specifically, appellant contends an alleged earlier foreclosure of a "senior deed" voided the lien interest that was the basis of the foreclosure sale to Lehman Brothers. Therefore,

according to appellant, the substitute trustee's deed was ineffective to convey title to Lehman Brothers. Appellant's argument is misplaced.

■ Any defects in the foreclosure process or with the purchaser's title to the property may not be considered in a forcible detainer action. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex.App.-Dallas 2010, pet. dism'd w.o.j.). Such defects must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute trustee's deed. *Id.* Accordingly, the evidence upon which appellant relies is not material to any issue in this action. *See id.* We resolve appellant's first two points of error against him.

■ In his third point of error, appellant contends the trial court lacked jurisdiction to adjudicate the right of possession because it did not have jurisdiction to make a title finding. *See Rice*, 51 S.W.3d at 708–09. A county court has no jurisdiction to adjudicate title in a de novo trial following the appeal of a forcible detainer suit. *Id.* Appellant argues that once he raised the issue of the "senior deed," the court was deprived of jurisdiction because possession could not be determined apart from the title issue.

■ Appellant concedes that a justice court or county court at law is not deprived of jurisdiction in a forcible detainer action merely because of the existence of a title dispute. *See id.* at 712. Indeed, in most cases the right to immediate possession can be determined separately from the right to title. *Id.* at 710. The trial court is deprived of jurisdiction only if the determination of the right to immediate possession *necessarily requires* the resolution of the title dispute. *Id.* at 712. This is not such a case.

Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *Id.* In this case, as stated above, the foreclosure pursuant to the deed of trust created a landlord and tenant-at-sufferance relationship between appellant and Lehman Brothers. Thus, it was not necessary for the trial court to resolve the title dispute to determine the right of immediate possession. *See id.*

Appellant cites the case of *Mortgage Electronic Registration Systems. v. Young* to show that even where a landlord and tenant-at-sufferance relationship is created by foreclosure, the defendant can raise a title issue that must be resolved when he introduces into evidence other deeds that call into question the validity of the plaintiff's rights under the substitute trustee's deed. *See Mortgage Elec. Registration Sys. v. Young*, No. 02–08–00088–CV, 2009 WL 1564994 (Tex.App.-Fort Worth, June 4, 2009, no pet.) (mem. op.). In *Young*, the defendant submitted two deeds executed after the substitute trustee's deed showing that the plaintiff, who had purchased the property at a foreclosure sale, had conveyed its interest under the substitute trustee's deed to a third party. *Id.* at *3. The plaintiff introduced no evidence explaining the later deeds or showing that it was authorized to act on behalf of the ultimate transferee. The defendant's evidence in *Young*, therefore, disputed not only the plaintiff's title to the property but also the existence of any landlord-tenant relationship between the parties. *Id.* at *5. In contrast, here appellant has presented no evidence that Lehman Brothers transferred any of its interest in the property under the substitute trustee's deed to a third party. The holding in *Young* is, therefore, inapplicable. Because the trial court could determine the right of immedi-

ate possession without resolving the title dispute raised by appellant, the trial court had jurisdiction over the forcible detainer action. We resolve appellant's third point of error against him.

In his fourth and final point of error, appellant asserts the trial court erred in not ruling in his favor on the basis of the statute of limitations because both parties asked questions at trial relating to the fact that appellant had not paid on his debt "in more than five years since the title was in dispute." Appellant contends "the issue was effectively tried by consent" and "it was inequitable for the County Court to not consider the timeliness of the action or the foreclosure under the circumstances." We note that appellant cites no authority and provides no argument in support of his contention. Absent argument or authority, appellant has waived this complaint. *See In re J.A.M.R.*, 303 S.W.3d 422, 425–26 (Tex.App.-Dallas 2010, no pet.). Even if we were to consider the merits of appellant's argument, the timeliness of the action following appellant's default goes to the propriety of the foreclosure process and is not material in the forcible detainer action. *See Shutter*, 318 S.W.3d at 471. We resolve appellant's fourth point of error against him.

We affirm the trial court's judgment of possession.