# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00149-CV

Michael E. Killebrew, Jr., Appellant

v.

BKE Investments, Inc., Appellee

FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
NO. C-1-CV-12-010117, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Michael E. Killebrew, Jr. appeals from the trial court's judgment of possession in a forcible-detainer suit brought by BKE Investments, Inc. In three issues on appeal, Killebrew contends that the evidence is legally insufficient to support the judgment and that the trial court lacked jurisdiction over the suit. We will affirm the trial court's judgment.

## BACKGROUND

In 2003, Killebrew entered into a loan agreement that was secured with a deed of trust granting a first lien on real property located in Austin, Texas (the Property). After Killebrew defaulted on the loan and failed to cure the default, the Property was sold to BKE at a nonjudicial foreclosure sale conducted by a substitute trustee on September 4, 2012. A substitute trustee's deed conveying legal title to the Property to BKE was recorded in the county records. BKE then sent

written notice to Killebrew instructing him to vacate the Property. After Killebrew refused to vacate, BKE brought a forcible-detainer action in justice court.

In response, Killebrew filed an answer and plea in abatement asserting that the "foreclosure proceedings upon which [BKE] relies for the relief requested . . . are fatally flawed." Killebrew advised the justice court that he had filed an original petition against BKE in district court seeking to set aside the foreclosure sale. Killebrew requested that the justice court abate the forcible-detainer proceedings pending resolution of that suit or, in the alternative, dismiss the forcible-detainer suit for lack of jurisdiction. The justice court denied Killebrew's plea and granted possession to BKE.

Killebrew appealed the justice court's decision to the county court at law. Following a bench trial, at which Killebrew reargued his plea to abate or dismiss the case, the county court rendered judgment that BKE was entitled to possession. This appeal followed.

**DISCUSSION**

The forcible-detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property when there is no unlawful entry. *Williams v. Bank of N. Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.); *see* Tex. Prop. Code § 24.002. To prevail in the action, "a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession [in eviction cases] and not title."). The statutory remedy of forcible detainer will lie when a person in possession of real

2

property refuses to surrender possession if the person is a tenant at will or by sufferance. Tex. Prop. Code § 24.002(a).

We first consider Killebrew's challenge to the trial court's jurisdiction. Killebrew contends in two related issues that his district court suit challenging the foreclosure sale deprived the justice and county courts of jurisdiction to decide the forcible-detainer action. Jurisdiction over forcible-detainer suits is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See id*. § 24.004(a); Tex. R. Civ. P. 510.10(c). Neither the justice court nor the county court on appeal has jurisdiction to resolve issues of title to real property in a forcible-detainer suit. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Instead, challenges to title or to the foreclosure process must be pursued, if at all, in a separate suit. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd). In addition, in most disputes, the suit to determine title may proceed concurrently with the forcible-detainer action. *Rice*, 51 S.W.3d at 709; *see Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *2-3 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op). However, if the question of title is intertwined with the issue of possession, then the issue of possession may not be adjudicated without first determining title. *Dormady*, 61 S.W.3d at 557. In such a case, until the issue of title is resolved, neither the justice court nor the county court has jurisdiction to enter a judgment in the suit for forcible detainer. *Id*.

In this case, Killebrew asserts that his pending suit in district court deprived the justice and county courts of jurisdiction because his suit raises a title issue that must be resolved

before a landlord and tenant-at-sufferance relationship can be established. Killebrew points out that the creation of the landlord and tenant-at-sufferance relationship under the deed of trust is conditioned on the Property being "sold pursuant to [a nonjudicial foreclosure sale under the deed of trust]."[1] Killebrew reasons that his pending suit will ultimately establish that the foreclosure sale was improper and invalid and, consequently, that no landlord-tenant relationship can arise under the deed of trust. In other words, Killebrew contends that a landlord and tenant-at-sufferance relationship is created under the deed of trust only when there is strict and full compliance with the contractual requirements in the deed of trust for conducting the foreclosure. Because the existence of a landlord and tenant-at-sufferance relationship is necessary to establish a forcible detainer, Killebrew asserts that the title issue presented in his district court suit is intertwined with the issue of possession in BKE's forcible-detainer suit.

This Court has recently rejected this same argument in cases involving deeds of trust containing almost identical landlord-tenant provisions. *See Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, no pet. h.) (mem. op.); *Jaimes*, 2013 WL 7809741, at *3-4. Further, this Court "has consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of

---

[1] The deed of trust contained the following landlord-tenant provision:

If the Property is sold pursuant to this paragraph 18 [regarding foreclosure procedure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

jurisdiction to resolve the question of immediate possession." *Wilder*, 2014 WL 1207979, at \*2 (citing recent cases from this Court); *see also Campbell v. Wells Fargo Bank, N.A.*, No. 03-12-00007-CV, 2013 WL 6805590, at \*2-3 (Tex. App.—Austin Dec. 20, 2013, no pet.) (mem. op) (explaining that it was not necessary to resolve title dispute to determine right to immediate possession because deed of trust created landlord and tenant-at-sufferance relationship).

In his suit in district court, Killebrew asserts that the foreclosure sale was conducted on behalf of an entity that was not entitled to enforce the note and that had not been validly assigned the deed of trust. Killebrew also alleges that the sale by the substitute trustee was invalid because the document appointing the trustee on July 5, 2012, had not been recorded in the county records at the time of the September 2012 foreclosure. We conclude that Killebrew's challenge to the foreclosure sale concerns defects in the foreclosure process. *See Wilder*, 2014 WL 1207979, at \*2 (rejecting argument that "the existence of a title dispute arising from issues about the authority and capacity of the parties to the nonjudicial foreclosure sale" deprived trial court of jurisdiction to decide forcible detainer). In addition, the landlord-tenant provision in the deed of trust created a landlord and tenant-at-sufferance relationship upon foreclosure. As a result, the trial court had an independent basis to determine the issue of immediate possession notwithstanding Killebrew's claims of wrongful or invalid foreclosure. *See Schlichting*, 346 S.W.3d at 199 ("Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property."). We overrule Killebrew's first and second issues on appeal.

5

Next, we consider Killebrew's challenge to the sufficiency of the evidence supporting the trial court's judgment of possession in favor of BKE, brought as his third issue on appeal. To establish forcible detainer, BKE had to prove that (1) it is the owner of the Property, (2) Killebrew is a tenant at will or by sufferance, (3) BKE has made written demand for possession of the Property in accordance with section 24.005 of the Texas Property Code, and (4) Killebrew has refused to surrender possession. *See* Tex. Prop. Code §§ 24.002, .005. The evidence admitted at trial included the deed of trust, the substitute trustee's deed, and the notice of eviction to Killebrew. The substitute trustee's deed showed that BKE purchased the Property at a nonjudicial foreclosure sale after Killebrew defaulted under the terms of the deed of trust. As previously discussed, the deed of trust established that Killebrew became a tenant-at-sufferance upon foreclosure. Finally, the notice of eviction informed Killebrew that BKE had purchased ownership of the Property, that his tenancy was terminated, and that he was required to vacate the Property. This evidence was sufficient to establish BKE's right to immediate possession of the Property. *See Schlichting*, 346 S.W.3d at 198 (considering similar evidence); *see also Campbell*, 2013 WL 6805590, at *2 (same). We overrule Killebrew's third issue.

Having overruled all of Killebrew's issues on appeal, we affirm the trial court's judgment of possession.

6

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   June 30, 2014