# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00323-CV

**Gilbert M. Borjas, Appellant**

**v.**

**Federal National Mortgage Association a/k/a Fannie Mae, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY, NO. C-1-CV-12-011760, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Gilbert Borjas, appearing pro se, appeals from the trial court's judgment in a forcible-detainer suit awarding Federal National Mortgage Association (Fannie Mae) possession of residential real property and attorney's fees. Because we conclude that Fannie Mae's evidence at trial established its right to immediate possession of the property and that the trial court had jurisdiction over the dispute, we will affirm the trial court's judgment.

## BACKGROUND

In 2007, Borjas entered into a loan agreement that was secured with a deed of trust granting a first lien on the property. After Borjas defaulted on the loan and failed to cure the default, the property was sold to Fannie Mae at a nonjudicial foreclosure sale by a substitute trustee. Fannie Mae received a substitute trustee's deed memorializing the conveyance. Fannie Mae sent written notice to Borjas informing him of the sale and instructing him to vacate the property. The

notice also informed Borjas that if he failed to vacate, Fannie Mae would file a forcible-detainer action. After Borjas refused to vacate, Fannie Mae brought a forcible-detainer action in justice court. Following a jury trial, the justice court granted possession of the property to Fannie Mae.

Borjas appealed the justice court's decision to the county court at law. At the de novo bench trial in county court, Borjas, then represented by counsel, advised the court that he had filed a petition in federal district court and that the case was still pending. According to Borjas, the suit in federal court concerned whether OneWest Bank, the entity for whom the foreclosure sale was conducted, was the owner of a valid lien securing the property. Borjas asserted that the same issue was presented in the forcible-detainer suit at hand and that Fannie Mae's failure to demonstrate that "the dots are [] connected" in the chain of title leading to the substitute trustee's deed precluded a judgment of possession in favor of Fannie Mae. Rejecting these arguments, the trial court rendered judgment granting Fannie Mae possession of the property.

Reasonably construing Borjas's arguments on appeal, we conclude that he asserts three issues: (1) that the trial court lacked jurisdiction to resolve the forcible-detainer action; (2) that the trial court erred in concluding that Fannie Mae established its right to immediate possession of the property because the evidence is insufficient to support this conclusion; and (3) the trial court erred in failing to file findings of facts and conclusions of law. *See* Tex. R. App. P. 38.9 (requiring briefs to be construed liberally).

## DISCUSSION

The forcible-detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property when there is no unlawful

2

entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.); *see* Tex. Prop. Code § 24.002. To prevail in the action, "a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession [in eviction cases] and not title."). The statutory remedy of forcible detainer will lie when a person in possession of real property refuses to surrender possession if the person is a tenant at will or by sufferance. Tex. Prop. Code § 24.002(a). To establish forcible detainer, Fannie Mae had to prove that (1) it is the owner of the property, (2) Borjas is a tenant at will or by sufferance, (3) Fannie Mae has made written demand for possession of the property in accordance with section 24.005 of the Texas Property Code, and (4) Borjas has refused to surrender possession. *See id*. §§ 24.002, .005.

The evidence admitted at trial included the deed of trust, the substitute trustee's deed, and the notice of eviction to Borjas. The substitute trustee's deed showed that Fannie Mae purchased the property at a nonjudicial foreclosure sale after Borjas defaulted under the terms of the deed of trust. The deed of trust stated:

> If the Property is sold pursuant to this section [setting forth nonjudicial foreclosure procedure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Thus, the deed of trust established that Borjas became a tenant-at-sufferance when he refused to surrender the property following the nonjudicial foreclosure sale. Finally, the notice of eviction

3

informed Borjas that Fannie Mae had purchased ownership of the property, that his tenancy was being terminated, and that he was required to vacate the property. This evidence was sufficient to establish Fannie Mae's right to immediate possession of the property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd) (considering similar evidence); *see also Bierwirth v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00076-CV, 2014 WL 902541, at *2 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.) (same); *Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *2 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (same).

In response, Borjas did not present evidence showing that he was entitled to immediate possession of the property. Instead, Borjas argued that Fannie Mae failed to present evidence that the foreclosure sale was conducted on behalf of an entity that was entitled to enforce the note and that had been validly assigned the deed of trust. Borjas contends that this outstanding title issue (1) deprived the trial court of jurisdiction and (2) demonstrates that Fannie Mae has failed to establish the landlord and tenant-at-sufferance relationship necessary to support a forcible detainer.

Jurisdiction over a forcible-detainer suit is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for a trial de novo. Tex. Prop. Code § 24.004(a); Tex. R. Civ. P. 510.10(c). Neither the justice court nor the county court on appeal has jurisdiction to resolve issues of title to real property in a forcible-detainer suit. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Instead, challenges to title or to the foreclosure process must be pursued, if at all, in a separate suit. *Schlichting*, 346 S.W.3d at 199. If the question of title is intertwined with

4

the issue of possession, then the issue of possession may not be adjudicated without first determining title. *Dormady*, 61 S.W.3d at 557. In such a case, until the issue of title is resolved, neither the justice court nor the county court has jurisdiction to enter a judgment in the suit for forcible detainer. *Id*.

In cases involving deeds of trust containing landlord-tenant provisions almost identical to the one presented in this case, this Court has rejected the argument that a party seeking forcible detainer must establish a chain of title between the original lender and the substitute trustee's deed. *See Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. filed) (mem. op.); *Jaimes*, 2013 WL 7809741, at *3-4; *see also Stephens v. Federal Home Mortg. Corp.*, No. 02-10-00251-CV, 2011 WL 1532384, at *2 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding that Fannie Mae was not required to "connect the dots" between original lender and mortgage servicer in forcible-detainer action where tenant-at-sufferance relationship was established under deed of trust). Instead, we "[have] consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession." *Wilder*, 2014 WL 1207979, at *2 (citing recent cases from this Court); *see also Campbell v. Wells Fargo Bank, N.A.*, No. 03-12-00007-CV, 2013 WL 6805590, at *2-3 (Tex. App.—Austin Dec. 20, 2013, no pet.) (mem. op) (explaining that it was not necessary to resolve title dispute to determine right to immediate possession because deed of trust created landlord and tenant-at-sufferance relationship).

Borjas's assertion that Fannie Mae failed to sufficiently "connect the dots" in the chain of title leading to the purchase of the property at foreclosure is an attack on the validity of the

foreclosure that cannot be adjudicated in a forcible detainer action. *See Jaimes*, 2013 WL 7809741, at *4 (concluding that argument that party seeking forcible detainer failed to "connect[] the dots" in its chain of title did not deprive justice or county courts of jurisdiction). While this challenge may be pursued in a separate suit, it does not deprive the justice court or the county court of jurisdiction or negate the landlord and tenant-at-sufferance relationship otherwise established under the deed of trust.[1] *See Wilder*, 2014 WL 1207979, at *2 (rejecting argument that "the existence of a title dispute arising from issues about the authority and capacity of the parties to the nonjudicial foreclosure sale" deprived trial court of jurisdiction to decide forcible detainer). "Where, as here, a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Bierwirth*, 2014 WL 902541, at *3 (quoting *Schlichting*, 346 S.W.3d at 199).

In a related issue, Borjas argues that the trial court erred in awarding possession to Fannie Mae because he obtained title to the property by adverse possession. Borjas asserts that this claim establishes his superior title and precludes Fannie Mae's forcible-detainer action as a matter

---

[1] Borjas also alleges that the deeds and assignments were not timely filed or properly noticed. These alleged defects in the foreclosure process are also beyond the jurisdiction of the justice and county courts, *see* Tex. R. Civ. P. 510.3, and do not deprive the justice and county courts of the ability to determine the issue of immediate possession. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd) (determination of right to immediate possession did not require resolution of title dispute where foreclosure pursuant to deed of trust established landlord and tenant-at-sufferance relationship); *see also Killebrew v. BKE Invests., Inc.*, No. 03-13-00149-CV, 2014 WL 3055984, at *2 (Tex. App.—Austin June 30, 2014, no pet.) (mem. op.) (explaining that argument that document appointing substituted trustee had not been recorded in county deed records at time of foreclosure was challenge to foreclosure sale and did not deprive trial court of jurisdiction over forcible-detainer action).

of law. Borjas, however, does not explain, nor it is clear from the record, how his claim of adverse possession, even if true, would deprive Fannie Mae of its right to immediate possession. In addition, Borjas never argued or presented any evidence to the trial court in support of any claim that he possessed superior title to the property. "[I]f a party [to a forcible-detainer suit] fails to present 'specific evidence to raise a genuine title dispute, the jurisdiction of the court [is] never at issue.'" *Jaimes*, 2013 WL 7809741, at *4 (citations omitted). We cannot conclude from Borjas's bare assertion of superior title that the landlord-tenant relationship established under the deed of trust was negated or that the justice court and county court were deprived of jurisdiction over the forcible-detainer suit. *See* Tex. R. App. P. 33.1. We overrule Borjas's first and second issues on appeal.[2]

Finally, we consider Borjas's complaint that the trial court failed to issue findings of fact and conclusions of law. Rule 296 of the Texas Rules of Civil Procedure provides that "in any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." Tex. R. Civ. P. 296. Further, Rule 297 states that "[t]he court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed." *Id*. R. 297. If the trial court fails to file timely findings of fact and conclusions of law, "the party making the request shall . . . file with the clerk and serve on all other parties . . . a

---

[2] Borjas also appears to argue that Fannie Mae lacks standing to seek a writ of possession because it failed to establish that it purchased the property under a valid chain of title. However, by demonstrating its landlord and tenant-at-sufferance relationship with Borjas, Fannie Mae established that it has standing to pursue a forcible detainer. *See Bierwirth v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00076-CV, 2014 WL 902541, at *2 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.) (rejecting argument that Fannie Mae lacked standing to sue for forcible detainer where deed of trust established landlord and tenant-at-sufferance relationship).

'Notice of Past Due Findings of Fact and Conclusions of Law.'" *Id*. The record in the case does not show that Borjas ever requested findings of fact or conclusions of law or that he filed the notice of past due findings of fact and conclusions of law, as required by Rule 297. Therefore, we cannot conclude that the trial court was required to file findings of fact or conclusions of law or, even if it were, that Borjas has preserved the issue. *See Curtis v. Commission for Lawyer Discipline*, 20 S.W.3d 227, 232 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (failure to file notice of past due findings of fact waives right to complain about trial court's failure to file findings of fact and conclusions of law).[3] We overrule Borjas's third issue on appeal.

Having overruled all of Borjas's issues on appeal, we affirm the trial court's judgment of possession.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: October 17, 2014

---

[3] Borjas also argues that Fannie Mae is a "state actor" that has violated his due-process rights under the Fourteenth Amendment. *See* U.S. Const. art. XIV. However, Borjas does not provide any citation to the record in support of this argument nor does he explain how his due-process rights have been violated. Accordingly, we conclude that this argument is waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record).