# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00607-CV

**Phillipe Herve and Christine Herve, Appellants**

**v.**

**Federal Home Loan Mortgage Corporation, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,
NO. C-1-CV-13-004776, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellants Phillipe Herve and Christine Herve appeal from the trial court's judgment in a forcible-detainer suit awarding Federal Home Loan Mortgage Corporation possession of certain residential real property. The Herves contend that the trial court lacked jurisdiction over the suit and that the suit is barred by limitations. We will affirm the trial court's judgment.

## BACKGROUND

In 2007, the Herves executed a note to purchase the property at issue. The note was secured with a deed of trust granting a first lien on the property. After the Herves defaulted on the note, the property was purchased by Federal Home Loan at a nonjudicial foreclosure sale conducted by a substitute trustee on August 3, 2010. Federal Home Loan then sent written notice to the Herves, informing them of the purchase and instructing them to vacate the property. The notice also informed the Herves that, if they failed to vacate, Federal Home Loan would file a forcible-detainer action.

In March 2013, after the Herves refused to vacate the property, Federal Home Loan brought a forcible-detainer action in justice court. The justice court granted possession of the property to Federal Home Loan, and the Herves appealed the justice court's decision to the county court at law. *See* Tex. R. Civ. P. 506.3. At the de novo bench trial in county court, the Herves argued that Federal Home Loan's forcible-detainer suit was barred by the applicable statute of limitations. Rejecting this argument, the trial court rendered judgment that Federal Home Loan was entitled to possession. This appeal followed.

## DISCUSSION

The forcible-detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property when there is no unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.); *see* Tex. Prop. Code § 24.002. To prevail in the action, "a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession [in eviction cases] and not title."). To establish forcible detainer, Federal Home Loan had to prove that (1) it is the owner of the property, (2) the Herves are tenants at will or by sufferance, (3) Federal Home Loan has made written demand for possession of the property in accordance with section 24.005 of the Texas Property Code, and (4) the Herves refused to surrender possession. *See* Tex. Prop. Code §§ 24.002, .005.

2

The evidence admitted at trial included the deed of trust, the substitute trustee's deed conveying the property to Federal Home Loan, and the notice of eviction to the Herves. The substitute trustee's deed showed that Federal Home Loan purchased the Property at a nonjudicial foreclosure sale under the terms of the deed of trust. The deed of trust stated:

> If the Property is sold pursuant to this paragraph [setting forth nonjudicial foreclosure procedures], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Thus, the deed of trust established that the Herves became tenants-at-sufferance when they refused to surrender the property following the nonjudicial foreclosure sale. Finally, the notice of eviction informed the Herves that Federal Home Loan had purchased the property, that their tenancies were being terminated, and that they were required to vacate the property. This evidence was sufficient to establish Federal Home Loan's right to immediate possession of the property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd) (considering similar evidence); *see also Bierwirth v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00076-CV, 2014 WL 902541, at *2 (Tex. App.—Austin Mar. 6, 2014, no pet.) (mem. op.) (same); *Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *2 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op) (same).

In their first issue on appeal, the Herves argue that Federal Home Loan failed to present evidence that the foreclosure sale was conducted on behalf of an entity that had been validly assigned the deed of trust. The Herves contend that this unresolved issue of title demonstrates that

3

Federal Home Loan lacked standing to bring the forcible-detainer suit and deprived the justice court and county court of jurisdiction to adjudicate the action.

In cases involving deeds of trust containing landlord-tenant provisions almost identical to the one presented in this case, this Court has rejected the argument that a party seeking forcible detainer must establish a chain of title between the original lender and the substitute trustee's deed. *See Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. filed) (mem. op.); *Jaimes*, 2013 WL 7809741, at *3-4; *see also Stephens v. Federal Home Mortg. Corp.*, No. 02-10-00251-CV, 2011 WL 1532384, at *2 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding that Fannie Mae was not required to "connect the dots" between original lender and mortgage servicer in forcible-detainer action where tenant-at-sufferance relationship established under deed of trust). Instead, we "[have] consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession." *Wilder*, 2014 WL 1207979, at *2 (citing recent cases from this Court); *see also Campbell v. Wells Fargo Bank, N.A.*, No. 03-12-00007-CV, 2013 WL 6805590, at *2-3 (Tex. App.—Austin Dec. 20, 2013, no pet.) (mem. op) (explaining that it was not necessary to resolve title dispute to determine right to immediate possession because deed of trust created landlord and tenant-at-sufferance relationship).

While the Herves may challenge Federal Home Loan's chain of title in a separate suit, their claim that the foreclosure sale is invalid does not deprive the trial court of jurisdiction or negate the landlord and tenant-at-sufferance relationship otherwise established under the deed of

trust. *See Wilder*, 2014 WL 1207979, at *2 (rejecting argument that "the existence of a title dispute arising from issues about the authority and capacity of the parties to the nonjudicial foreclosure sale" deprived trial court of jurisdiction to decide forcible detainer). "Where, as here, a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Bierwirth*, 2014 WL 902541, at *3 (quoting *Schlichting*, 346 S.W.3d at 199). Because the trial court had the authority to adjudicate Federal Home Loan's forcible-detainer suit, we overrule the Herves' first issue on appeal.

In their second issue on appeal, the Herves argue that the trial court erred in failing to conclude that Federal Home Loan's suit for forcible detainer was barred by limitations. Section 16.003 of the Texas Civil Practice and Remedies Code provides that a forcible-detainer suit must be brought not later than two years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a). The Herves contend that any cause of action for forcible detainer accrued on August 3, 2010, when the property was purchased by Federal Home Loan at the nonjudicial foreclosure sale. Thus, according to the Herves, the applicable statute of limitations had long expired when Federal Home Loan filed its suit in justice court in March 2013.

In response, Federal Home Loan does not dispute that its suit for forcible detainer is governed by a two-year statute of limitations. In addition, it does not dispute that more than two years lapsed between its purchasing of the property and its filing suit. Instead, Federal Home Loan argues that the statute of limitations did not begin to run until it demanded, and was refused, possession of the property. According to Federal Home Loan, the Herves failed to establish their

5

affirmative defense of limitations because the undisputed evidence shows that Federal Home Loan filed suit for forcible detainer less than a month after the Herves refused to vacate the property.

When a cause of action accrues is normally a question of law. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011). "Causes of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek relief." *Id.* A purchasing party at a foreclosure sale acquires the right to possess the property. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 918 (Tex. 2013). However, the new owner's ability to recover possession of the property through a forcible-detainer action does not arise—and therefore, the statute of limitations does not begin to run—until possession has been demanded and refused. *Jones v. American Fed. Bank, F.S.B.*, No. 05-91-00634-CV, 1992 WL 32961, at *2 (Tex. App.—Dallas Jan. 30, 1992, writ dism'd w.o.j.) (not designated for publication).

Here, the undisputed evidence shows that on March 19, 2013, Federal Home Loan notified the Herves that it had acquired the property at foreclosure. Federal Home Loan also instructed the Herves to vacate, which they refused to do. Later that same month, Federal Home Loan filed its forcible detainer suit in the justice court. Based on the record before us, the Herves have failed to establish that Federal Home Loan's forcible-detainer suit is barred by limitations. Consequently, we cannot conclude that the trial court erred in failing to dismiss the suit on this ground. We overrule the Herves' second issue on appeal.

Having overruled all of the Herves' issues on appeal, we affirm the trial court's judgment.

6

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   October 24, 2014