# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-14-00404-CV
---

**Kevin Tower, Appellant**

**v.**

**Bank of America, N.A., Appellee**

---
### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 13-0320-C, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Kevin Tower, appearing pro se, appeals the trial court's judgment in a forcible detainer suit awarding Bank of America, N.A. (BOA) possession of real property in Hays County (the Property). In two issues, Tower contends that the trial court (1) improperly admitted certain documents into evidence and (2) prevented Tower from presenting evidence at trial in violation of his due process rights. We will affirm.

## BACKGROUND

After Tower defaulted on his home loan, BOA purchased the Property at a foreclosure sale. BOA filed a forcible detainer action in justice court seeking possession of the Property. The justice court rendered judgment that BOA was entitled to possession of the Property. Tower appealed the judgment to the county court at law for a trial de novo. Tower then requested that the trial court abate the proceedings based on his showing that he had instituted a proceeding in district court

challenging the validity of the foreclosure. Although the trial court did not order the case abated, it did not proceed to trial at that time.

Tower's district-court suit was removed to the United States District Court for the Western District of Texas, which rendered a take-nothing judgment in favor of BOA. The federal court concluded that Tower had failed to create a genuine dispute as to BOA's authority to foreclose, and that the failure to do so was fatal to the various claims he asserted, including wrongful foreclosure. Specifically, the federal court found that Tower did not provide any evidence of a defect in the foreclosure sale proceedings. BOA then filed a motion to reopen the county-court-at-law proceedings. The trial court reopened the proceedings and set a de novo hearing on Tower's appeal from the forcible detainer action. At trial, BOA offered a business records affidavit to which were attached copies of Tower's deed of trust, an assignment of note and deed of trust, a substitute trustee's deed granting the Property to BOA following foreclosure, and the notices sent by counsel for BOA to Tower, who continued occupying the Property. The business records affidavit was signed by Sharon L. Vaughan, a paralegal employed by National Default Exchange, L.P., an affiliated service provider for BOA's attorneys. The substitute trustee's deed reflected that BOA purchased the Property after Tower defaulted under the terms of the deed of trust. The deed of trust established that Tower became a tenant at sufferance when he failed to surrender and deliver the Property to the purchaser, BOA, after the nonjudicial foreclosure sale. The notice sent by BOA to Tower informed him that his tenancy was being terminated and that he was required to vacate the Property. This evidence was sufficient to establish that BOA had a superior right to immediate possession of the Property. *See Rearden v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *2

2

(Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.); *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Tower objected to the admissibility of the documents attached to the business records affidavit on the ground that they were not properly authenticated by Vaughan's business records affidavit. After the hearing, the trial court ordered that BOA was entitled to possession of the Property and awarded it attorneys' fees and costs, along with a conditional award of appellate attorneys' fees. Tower then perfected this appeal.

## DISCUSSION

In his first issue, Tower challenges the admissibility of the deed of trust and the substitute trustee's deed. Specifically, he contends that because these documents are not certified copies of public records, they were not properly authenticated and were not admissible. *See* Tex. R. Evid. 902(4) (certified copies of public records are self-authenticating). However, both the deed of trust and the substitute trustee's deed are notarized. Such a notarized document is self-authenticating under the rules of evidence. *See id.* 902(8) (document accompanied by certificate of acknowledgment that is lawfully executed by notary public is self-authenticating); *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at *11 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.) (notarized deed of trust self-authenticating under Texas Rule of Evidence 902(8)); *Ainsworth v. CACH, LLC*, No. 14-11-00502-CV, 2012 WL 1205525, at *5 (Tex. App.—Houston [1st Dist.] Apr. 10, 2012, pet. denied) (mem. op.) (notarized "affidavit of sale" is self-authenticating under Texas Rule of Evidence 902(8)). The deed of trust and substitute trustee's deed were not inadmissible on the ground that they were not properly authenticated.

3

Tower also challenges the admissibility of the notice sent to him informing him of the foreclosure sale, terminating his tenancy at sufferance, and ordering that he vacate the premises. These notices were offered as business records attached to Vaughan's affidavit. On appeal, Tower argues that Vaughan could not vouch for the recordkeeping and business records of BOA and its law firm because Vaughan was employed by the law firm's affiliated service provider. This Court has previously addressed in detail the identical argument regarding the same affiant. *See Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *3-5 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.). In that case, as here, Vaughan averred that she was an employee of an affiliated service provider for Citimortgage's law firm and purported to authenticate records related to notices to vacate transmitted on Citimortgage's behalf following a foreclosure sale. *Id.* at *3. Rodriguez made the same challenges to the competency of Vaughan's testimony as Tower appears to be making in this appeal. We refer to the Court's detailed analysis in *Rodriguez*, without repeating it, in concluding that Vaughan's business records affidavit in this case was likewise sufficient to establish the admissibility of the attached notices to Tower requesting that he vacate the Property. We overrule Tower's first appellate issue.[1]

---

[1] We note that Tower includes in his statement of facts and in his first appellate issue some argument regarding alleged defects in the foreclosure sale. As has been said many times, the only issue to be decided in a forcible-detainer suit is the right to immediate possession of the property. *Marshall v. Housing Auth.*, 198 S.W.3d 782, 785 (Tex. 2006); *Setzer v. Branch Banking & Trust Co.*, No. 03-12-00064-CV, 2013 WL 6805593, at *1 (Tex. App.—Austin Dec. 20, 2013, no pet.) (mem. op.) ("Judgment of possession in a forcible detainer action does not determine whether an eviction is wrongful but does determine the right of immediate possession."). Moreover, the record in this case demonstrates that the federal district court granted summary judgment in BOA's favor on Tower's claim of wrongful foreclosure.

In his second issue, Tower contends that the trial court did not provide him with "a fair opportunity to present evidence of [his] own to prove [his] superior right to possession over [BOA] or to disprove any of the four established elements of the causes of action of forcible detainer." According to Tower, the trial court's actions deprived him of his due-process rights. We have reviewed the transcript of the de novo hearing and cannot agree that Tower was in any manner prevented from presenting any evidence or making any argument. He was represented by counsel, who objected to the admissibility of BOA's evidence establishing its superior right to immediate possession but did not offer, or attempt to offer, any evidence on Tower's behalf. Instead, Tower's counsel inaccurately informed the trial court that title was still an issue because they were "booted out" of federal court on a 12(b)(6) motion. *See* Fed. R. Civ. P. 12(b)(6) (party may assert defense that plaintiff has failed to state claim upon which relief can be granted).[2] When the trial court specifically asked counsel for Tower if he had anything further to present to the court after BOA rested, counsel presented additional argument regarding the alleged defects in the foreclosure proceeding and asserted that the trial court lacked jurisdiction to proceed as a result. Contrary to Tower's argument on appeal, he was not prevented from presenting evidence or argument regarding the only matter properly before the court in a forcible-detainer suit—which of two parties has superior right to immediate possession of the Property. We overrule Tower's second appellate issue.

---

[2] In fact, the federal district court granted BOA's motion for summary judgment and expressly found, in a detailed order, that Tower failed to create a genuine dispute as to BOA's authority to foreclose. *See* Fed. R. Civ. P. 56(a) (court shall grant summary judgment if movant shows there is no genuine dispute as to any material fact and movant is entitled to judgment as matter of law).

**CONCLUSION**

Having overruled Tower's two issues on appeal, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   July 22, 2015