**Dismissed and Opinion Filed October 7, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01040-CV

**MICHAEL CARY SNOWDEN AND BRENDA ASCENCIO, Appellants**
**V.**
**BRANDON QUACH, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00955-D**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Reichek

Michael Cary Snowden and Brenda Ascencio appeal the county court's judgment awarding possession of certain residential property to appellee Brandon Quach. Appellants challenge the trial court's ruling in four issues, all of which are based on an alleged defect in the substitute trustee's deed. For reasons set out below, we dismiss the appeal.[1]

Appellee filed a pro se petition to evict appellants in justice court, alleging he was the new owner of the property and had given notice to vacate. The JP court awarded possession of the property to appellee. Appellants timely appealed to the county court at law. At the trial, both sides were represented by counsel. Appellee testified he purchased the property at a foreclosure sale

---

[1] Generally, appellants complain that appellee never demonstrated "his true entitlement to claim of superior right of possession" because he offered a substitute trustee's deed that failed to show the trustee's sale was conducted within the statutorily permissible time window and was "insufficiently supported by a defective affidavit . . . ."

and then provided written notice to appellants to vacate he property. When appellants failed to voluntarily vacate the property, he filed a forcible detainer complaint in the JP court. Admitted as evidence were (1) the certified copy of the substitute trustee's deed, (2) the deed of trust, and (3) the notice to vacate. After hearing the evidence, the county court awarded possession of the property to appellee. Appellants timely appealed.

During the pendency of the appeal, appellee filed a motion to dismiss for want of jurisdiction, asserting appellants lacked standing to prosecute the appeal and the appeal has been rendered moot. In the motion, appellee asserted that (1) before he purchased the property, appellants conveyed all their rights and interest in the property by General Warranty Deed to Dolo Investment Group, LLC, a nonparty to this appeal and (2) appellants voluntarily vacated the property several months earlier and the property remains vacant. Appellee noted that appellants brought a separate title suit against appellee and others for, among other things, wrongful foreclosure disputing appellee's ownership in the property, and the trial court granted appellee's plea to the jurisdiction and dismissed all of appellants' claims against appellee.

The motion was supported by evidence, including appellee's affidavit. In his affidavit, appellee asserted that he learned during the underlying proceedings that appellants had executed a general warranty deed transferring all rights and interests in the property at issue to Dolo. When appellee visited the property, neighbors informed him that appellants had moved out. On multiple occasions when appellee visited the property, the house appeared vacant and remained so until the making of the affidavit. A sign on the property said the house was available for rent and additional signs indicated the property was under Dolo's management.

Attached to appellee's affidavit were (1) an email exchange between appellee and Dolo; (2) photographs of the house showing a "For Rent by Owner" sign in the front yard and a warning on the front door stating the house was under the management of Dolo; (3) photographs of the

interior of the home in July 2018 and January 2019 that show it appears to be vacant; (4) the General Warranty Deed, dated November 22, 2017 and recorded on December 12, 2017, from appellants conveying the property to Dolo; (5) a Durable Power of Attorney, dated November 22, 2107 and recorded December 12, 2017, by which appellants appointed Dolo; (6) appellants' original petition against appellee and the foreclosing lender in Cause No. CC-18-03014-D, alleging among other things, wrongful foreclosure and wrongful eviction; and (7) the trial court's July 18, 2018 order granting appellant's plea to the jurisdiction and dismissing appellants' claims against appellee in Cause No. CC-18-03015-D.

Appellants filed a response to the motion to dismiss but did not support their response with any evidence. In their response, they asserted it was not their intent that the "superficial conveyance [of the property to Dolo] be an irreversible transfer" of the property. Rather, they contend the deed and durable power of attorney indicate that the documents were a mere attempt to "document dealings in such a way" as to restructure financing on the property, repair and remodel the property, and "enhance its usability" for them to move back in after repairs were made. Further, they asserted they moved out to "facilitate repairs and remodeling" but were unable to move back in because the City of Seagoville would not turn on the water; however, appellants did not address the evidence showing that Dolo was attempting to lease the premises. Finally, appellants assert that appellee knew of their intent to fight for their property.

It is well settled that issues of title are not adjudicated in a forcible detainer suit and the only issue to be decided is the right to immediate possession of the property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). If a defendant in a forcible detainer action is no longer in possession of the premises, then an appeal from the forcible detainer judgment is moot

unless the defendant asserts "a potentially meritorious claim of right to current, actual possession of the [premises]." *Marshall*, 198 S.W.3d at 787.

Here, the record shows (1) appellants conveyed the property to Dolo, irrespective of their unsupported assertion that the conveyance was "superficial," (2) appellants have not occupied the property in months, (3) Dolo was seeking to lease the property to another party, and (4) appellants' suit against appellee has been dismissed for lack of jurisdiction. Moreover, we note the substance of appellants' arguments in their brief is that the underlying substitute trustee's deed and the foreclosure, through which appellee obtained title to the property, were wrongful and invalid. But these challenges, even if meritorious, cannot be resolved in a forcible-detainer action and cannot form the basis of a "potentially meritorious claim of right to current, actual possession." *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd) ("Any defects in the foreclosure process or with the purchaser's title to the property may not be considered in a forcible detainer action."); *Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist. 2011, no pet.) (concluding that pending suit for wrongful foreclosure did not provide "potential basis for claim" that appellant was "entitled to current, actual possession"); *Resendez v. FV REO I, LLC*, No. 03-13-00201-CV, 2014 WL 411720, at *2 (Tex. App.—Austin Jan. 31, 2014, no pet.) (mem. op.) (concluding that claim of wrongful foreclosure could not be resolved in forcible-detainer action and could not provide basis for "potentially meritorious claim of right to current, actual possession" because claim was independent of issue of right to immediate possession).

We conclude appellants have not shown a "potentially meritorious claim of right to current, actual possession" of the premises. Because appellants are no longer in possession of the property and have not asserted a potentially meritorious claim of right to current, actual possession, their appeal is moot.

We grant appellee's motion and dismiss the appeal as moot.

/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

181040F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL CARY SNOWDEN AND
BRENDA ASCENCIO, Appellants

No. 05-18-01040-CV     V.

BRANDON QUACH, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-18-00955-D.
Opinion delivered by Justice Reichek;
Justices Pedersen, III and Carlyle
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee BRANDON QUACH recover his costs of this appeal from appellants MICHAEL CARY SNOWDEN AND BRENDA ASCENCIO.

Judgment entered October 7, 2019.