# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00154-CV

**Susan Sissom, Appellant**

**v.**

**Equity Trust Company FBO 200186851 IRA, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 19-19867, THE HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Susan Sissom, appearing pro se, appeals from the county court's judgment awarding possession of certain real property in Bastrop County to The Bank of New York Mellon, FKA The Bank of New York (the "Bank").[1] In four issues on appeal, Sissom contends that the justice court and county court lacked jurisdiction over the Bank's forcible-detainer suit. We will affirm the county court's judgment of possession.

## BACKGROUND

Sissom executed a promissory note in connection with her purchase of residential property located at 106 Eight Oaks Drive, Bastrop, Texas 78602 (the "Property"). Additionally,

---

[1] After this appeal was filed, the Bank sold its interest in the property to Equity Trust Company FBO 200186851. As a result, the Bank filed a motion in this Court requesting that we substitute Equity Trust Company FBO 200186851 as the appellee, which we granted. *See* Tex. R. App. P. 7.1(b).

Sissom executed a deed of trust stipulating that, in the event of default culminating in a foreclosure sale of the Property, she would "immediately surrender possession of the Property to the purchaser at that sale" or become a "tenant at sufferance [removable] by a writ of possession or other court proceeding."

After Sissom defaulted on the note, the substitute trustee conducted a nonjudicial foreclosure sale, at which the Bank purchased the Property. The Bank subsequently sent written notice to Sissom, instructing her to vacate the Property. When Sissom refused to vacate, the Bank filed a forcible-detainer suit in justice court. *See* Tex. Prop. Code § 24.004.

The justice court signed a judgment of possession in favor of the Bank, and Sissom appealed to the county court at law. *See* Tex. R. Civ. P. 510.10. Following a bench trial, the county court signed a judgment awarding possession of the Property to the Bank. This appeal followed.

## DISCUSSION

Forcible detainer is a procedure to determine the right to immediate possession of real property when there is no unlawful entry. *Adams v. Godhania*, No. 03-18-00371-CV, 2019 WL 2293572, at *2 (Tex. App.—Austin May 30, 2019, pet. denied) (mem. op.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). A forcible detainer will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease. *See* Tex. Prop. Code § 24.002(a)(2).

To establish forcible detainer, the Bank had to prove the following: (1) it was the owner of the Property, (2) Sissom was an occupant at the time of the foreclosure, (3) the

2

foreclosure was of a lien superior to Sissom's right to possession, (4) the Bank made a statutorily sufficient written demand for possession, and (5) Sissom refused to leave. *See Montenegro v. Wells Fargo Bank, N.A.*, No. 03-13-00123-CV, 2015 WL 3543055, at *3 (Tex. App.—Austin June 3, 2015, pet. dism'd) (mem. op.). At trial, the Bank presented evidence to establish each of these elements—namely, copies of the substitute trustee's deed, the deed of trust, and the written notice to vacate sent to Sissom. The substitute trustee's deed showed that the Bank purchased the Property at a nonjudicial foreclosure sale; the deed of trust established Sissom's status as a tenant at sufferance post-foreclosure; and the notice to vacate informed Sissom that the Bank had purchased the Property at the foreclosure sale, that her tenancy was terminated, and that she was required to vacate.

On appeal, Sissom does not dispute that the Bank presented sufficient evidence to support the trial court's determination that the Bank had the right to immediate possession of the Property. Instead, in what she identifies as four issues on appeal, Sissom asserts that the justice court and the county court lacked jurisdiction over the Bank's forcible-detainer suit. Specifically, Sissom alleges that when the foreclosure sale on the Property occurred, a district court had already signed (earlier that same day) a temporary restraining order that prohibited the sale from proceeding. Sissom argues that because the foreclosure sale violated the temporary restraining order, the Substitute Trustee's Deed arising out of the sale was "counterfeit."

Forcible detainer is intended to be a "speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title." *Armbruster v. Deutsche Bank Nat'l Tr. Co.*, No. 03-13-00532-CV, 2015 WL 5232109, at *1 (Tex. App.—Austin Aug. 31, 2015, no pet.) (mem. op.). The sole consideration in a forcible-detainer suit is "who has the right to immediate possession of the premises." *Montenegro*, 2015 WL 3543055, at *1; *see also* Tex.

3

R. Civ. P. 510.3(e). Jurisdiction over a forcible-detainer suit is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for a trial de novo. Tex. Prop. Code § 24.004; Tex. R. Civ. P. 510.10; *Onabajo v. Household Fin. Corp. III*, No. 03-15-00251-CV, 2016 WL 3917140, at *2 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.). Neither the justice court nor the county court has jurisdiction to resolve issues related to title of real property in a forcible-detainer suit. *Onabajo*, 2016 WL 3917140, at *2. Instead, challenges to the title, or to the foreclosure process, must be pursued, if at all, in a separate suit. *Id.*

Sissom's appellate arguments are, in effect, challenges to the title of the Property premised upon alleged defects in the foreclosure process. These issues cannot be adjudicated in a forcible-detainer action. *Armbruster,* 2015 WL 5232109, at *1; *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd). Moreover, this Court "has consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession." *Wilder v. Citicorp Tr. Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar.18, 2014, pet. dism'd w.o.j.) (mem. op.).

Because the foreclosure under the deed of trust created a landlord and tenant-at-sufferance relationship, the justice court and the county court had an "independent basis to determine the issue of immediate possession," and the defects in the foreclosure process alleged by Sissom, even if meritorious, did not deprive either court of jurisdiction over the Bank's forcible-detainer action. *See Schlichting*, 346 S.W.3d at 199 ("Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties,

4

the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property."). Consequently, we overrule Sissom's issues on appeal.

## CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the county court's judgment of possession.

_____
Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed: July 27, 2021

5