

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-20-00239-CV

_____

STAN ONYEDEBELU, JOY ONYEDEBELU, AND ALL OTHER OCCUPANTS,
Appellants

V.

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF
THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-C, Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2019-03755-JP

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In this eviction case, Stan and Joy Onyedebelu appeal from the trial court's judgment awarding possession of real property to appellee Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-C. Stan filed a brief on his behalf only and raises two issues: (1) the county court erred by granting Wilmington summary judgment on its forcible-detainer claim because there was a title dispute involving the property pending in district court and (2) the county court erred by holding a hearing in violation of the Texas Supreme Court's emergency COVID-19 orders. Joy did not file a brief. We will overrule Stan's issues and affirm the trial court's judgment as to him but dismiss Joy's appeal for want of prosecution.

### I. Background

In March 2007, the Onyedebelus executed a deed of trust in Bank of America, N.A.'s favor to secure the repayment of a $1.49 million promissory note to build a 7,300-square-foot home on two acres in Flower Mound, Texas. The deed of trust provided that if the property was sold at a nonjudicial foreclosure sale, the Onyedebelus were required to immediately surrender possession of the property to the purchaser. If they did not, they would become tenants at sufferance who could "be removed by writ of possession or other court proceeding."

Wilmington became the owner and holder of the note and the beneficiary under the deed of trust. After the Onyedebelus defaulted on the note and failed to cure, Wilmington accelerated the debt and gave notice to the Onyedebelus that the

2

property would be sold at a foreclosure sale on August 6, 2019. Just before the sale, Joy sued Wilmington in Denton County District Court to stop the sale, alleging defects in the foreclosure process, fraud, breach of contract, and violations of various federal and state statutes.

The day of the sale, the district court signed a temporary restraining order prohibiting Wilmington from foreclosing on the property. The TRO expressly stated that it would not be effective until "Plaintiff deposits with the Denton County District Clerk a cash bond in the amount of $15,000, in due conformity with applicable law." The TRO also provided that the bond could be "in the form of cash, cashier's check[,] or certified check." But Joy failed to immediately post a cash bond in accordance with the TRO's terms,[1] *see* Tex. R. Civ. P. 684, 688, and Wilmington conducted the foreclosure sale as scheduled. Wilmington bought the property at the sale.

On September 12, 2019, Wilmington made written demand for possession of the property that gave the Onyedebelus three days' notice to vacate. *See* Tex. Prop. Code Ann. §§ 24.002(b), .005(b). When the Onyedebelus refused to vacate the property, Wilimgton sued for forcible detainer in justice court. *See id.* § 24.002; Tex. R.

---

[1]Because the Onyedebelus were unable to deposit the full amount of the cash bond, they obtained a $15,000 surety bond, which was not filed until the day after the foreclosure sale. Earlier that day, the trial court had signed an amended TRO providing that the bond could be "in the form of cash, cashier's check, certified check[,] or a surety bond approved in form by the District Clerk." The amended TRO further provided that the original TRO remained "in full force and effect."

Civ. P. 510.1, 510.3. The justice court awarded possession of the property to Wilmington, and the Onyedebelus appealed to county court for a trial de novo. *See generally* Tex. R. Civ. P. 510.9–.10.

In February 2020, Wilmington moved for summary judgment on its forcible-detainer claim. According to the county court's docket sheet, the court was "concerned that a cause of action related to title may still be underway in district court," and "if that is correct[,] then this cause will be abated until the conclusion of that case so that the [district] court may determine [the] title issue prior to this court determining possession." But before the county court could abate the case, the Texas Supreme Court issued its Fourth Emergency Order Regarding the COVID-19 State of Disaster, which suspended most eviction proceedings—including this one—until April 20, 2020. *See Fourth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9045, ¶¶3, 4 (Tex. Mar. 19, 2020).

Despite the supreme court's order, on March 24, 2020, the county court held a remote hearing to determine whether to require the Onyedebelus to pay a monthly bond payment while the eviction case was abated pending the resolution of the district-court case. At the hearing, Wilmington argued that it was entitled to "a monthly payment amount to protect [it] as a result of the abatement while the district court decides the [district-court] lawsuit." The county court ordered the Onyedebelus

to deposit $10,800 per month[2] into the court registry starting on April 20, 2020. The county court also abated the eviction case pending the resolution of the district-court case.

The Texas Supreme Court lifted its suspension of eviction proceedings on May 19, 2020. *See Fifteenth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9066, ¶2 (Tex. May 14, 2020). In late May, Wilmington moved for "a hearing and for the [c]ourt to determine any appropriate action necessary in the interest of justice, including placing this case on its active docket and setting it for trial" because the Onyedebelus had failed to pay the court-ordered deposits that were due in April and May. The county court reinstated the case on its docket and heard Wilmington's summary-judgment motion by submission. In July 2020, the court granted the summary-judgment motion and signed a possession judgment in Wilmington's favor. The Onyedebelus timely appealed.

## II. Stan's Appeal

In two issues, Stan complains that the trial court erred (1) by granting summary judgment for Wilmington and (2) by holding the bond hearing in violation of the Texas Supreme Court's emergency COVID-19 orders.

---

[2]At the conclusion of the bond hearing, the county court stated that the monthly bond amount would be $10,850, but the trial court's signed order set the monthly bond amount at $10,800. The $50 discrepancy between the trial court's oral pronouncement and its written order is irrelevant to our disposition of this appeal.

5

## A. The trial court's summary judgment

Stan argues in his first issue that the county court erred by granting summary judgment for Wilmington on its forcible-detainer claim because there was a title dispute regarding the property pending in district court. A tenant at sufferance commits a forcible detainer when he refuses to surrender possession of real property on written demand by the person entitled to possession of that property. *See* Tex. Prop. Code Ann. § 24.002. A plaintiff in a forcible-detainer suit can establish "the superior right to immediate possession by establishing the fact of a foreclosure pursuant to a deed of trust that created a tenancy at sufferance after the foreclosure." *Askew v. Mena Homes, Inc.*, No. 02-19-00181-CV, 2020 WL 579121, at *1 (Tex. App.—Fort Worth Feb. 6, 2020, pet. denied) (mem. op.) (quoting *Martinez v. Cerberus SFR Holdings, L.P.*, No. 02-19-00076-CV, 2019 WL 5996984, at *2 (Tex. App.—Fort Worth Nov. 14, 2019, pet. denied) (mem. op.)).

To establish a forcible detainer, Wilmington had to prove the following: (1) it owned the property; (2) Stan became a tenant at sufferance when Wilmington bought the property under the deed of trust; (3) Wilmington gave proper notice to Stan to vacate the property; and (4) Stan refused to do so. *See Girard v. AH4R I TX DFW, LLC*, No. 02-13-00112-CV, 2014 WL 670198, at *1 (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (mem. op.); *see also* Tex. Prop. Code Ann. § 24.002. Wilmington's summary-judgment evidence established each of these elements: a substitute trustee's deed showed that Wilmington had purchased the property at a nonjudicial foreclosure

sale; a deed of trust that established the Onyedebelus' status as tenants at sufferance postforeclosure; and a letter from Wilmington sent to the Onyedebelus by certified mail, return receipt requested, notifying the Onyedebelus to vacate the property and demanding possession. *See Girard*, 2014 WL 670198, at *1; *see also* Tex. Prop. Code Ann. § 24.002.

On appeal, Stan does not dispute that Wilmington's summary-judgment evidence was sufficient to conclusively prove all essential elements of Wilmington's forcible-detainer claim. *See* Tex. R. Civ. P. 166a(a), (c). Instead, Stan asserts that the county court's summary judgment was improper because (1) the "active TRO" from the district court prevented Wilmington from foreclosing on the property; (2) the title issues pending in the district-court case should be determined before the issue of possession; and (3) the county court lacked jurisdiction to determine possession because the question of title to the property was intertwined with the issue of possession.[3]

---

[3]We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

In a forcible-detainer suit, the only issue a court determines is the right to actual and immediate possession of the property. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (citing *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)); *see also* Tex. R. Civ. P. 510.3(e) (stating that in a forcible-detainer action, "[t]he court must adjudicate the right to actual possession and not title"). To prevail in a forcible-detainer suit, a plaintiff is not required to prove title; it is required to show only sufficient evidence of ownership demonstrating a superior right to immediate possession of the property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). But the mere existence of a title dispute does not deprive a county court of jurisdiction. *See Mosely v. Am. Homes 4 Rent Props. Eight, LLC*, No. 02-15-00200-CV, 2015 WL 9942695, at *2 (Tex. App.— Fort Worth Dec. 10, 2015, pet. dism'd) (mem. op.). "In most cases, the right to immediate possession can be determined separately from the right to title. The trial court is deprived of jurisdiction only if the determination of the right to immediate possession *necessarily requires* the resolution of the title dispute." *Id.* (quoting *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd)); *see Girard*, 2014 WL 670198, at *2.

Here, Stan's argument regarding the TRO is, in effect, a challenge to Wilmington's title based on alleged defects in the foreclosure process. This issue cannot be adjuicated in a forcible-detainer action. *See Sissom v. Equity Tr. Co. FBO*

8

*200186851 IRA*, No. 03-20-00154-CV, 2021 WL 3148871, at *2 (Tex. App.—Austin July 27, 2021, no pet.) (mem. op.); *Askew*, 2020 WL 579121, at *3.

Similarly, the pending district-court case did not prevent the county court from determining the issue of possession. *See Rippey v. Chase Home Fin., LLC*, No. 02-13-00190-CV, 2014 WL 982373, at *3 n.6 (Tex. App.—Fort Worth Mar. 13, 2014, no pet.) (mem. op.) ("[A] forcible[-]detainer action may be prosecuted concurrently with a dispute over the property in another court because a judgment of possession in a forcible[-]detainer action is a determination only of the right to *immediate* possession and does not determine the *ultimate* rights of the parties to any other issue in controversy relating to the realty in question."); *see also Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (stating that "[t]he validity of the foreclosure sale can be challenged in an adjudication of title regardless of the resolution of the forcible-detainer action; parties 'have the right to sue in the district court to determine whether the trustee's deed should be cancelled, independent of the award of possession of the premises in the forcible[-]detainer action'" (quoting *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j)))). "The arena to challenge the propriety of a foreclosure" is not in a forcible-detainer action but "in a separate suit for wrongful foreclosure or to set aside a substitute trustee's deed." *Martinez*, 2019 WL 5996984, at *3; *see Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) (stating title and foreclosure-process defects "may be pursued in suits for

9

wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in [a] forcible[-]detainer action").

Finally, the question of title to property was not intertwined with the issue of possession. When, as here, "a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.). Defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving a county court of jurisdiction to resolve the issue of immediate possession. *Wilder v. Citicorp Tr. Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.). Because the foreclosure under the deed of trust created a landlord and tenant-at-sufferance relationship, the county court had an "independent basis to determine the issue of immediate possession," and the defects in the foreclosure process alleged by Stan, even if meritorious, did not deprive the court of jurisdiction over Wilmington's forcible-detainer action. *See Sissom*, 2021 WL 3148871, at *2 (citing *Schlichting*, 346 S.W.3d at 199). Accordingly, we overrule Stan's first issue.

## B. The bond hearing

In his second issue, Stan asserts that the trial court erred by holding the March 24, 2020 hearing and setting the $10,800 monthly bond payments because such actions violated the Texas Supreme Court's Fourth Emergency Order Regarding the COVID-19 State of Disaster, which stated that in "any action for eviction to recover possession of residential property under Chapter 24 of the Texas Property Code and Rule 510 of the Texas Rules of Civil Procedure . . . [n]o trial, hearing, or other proceeding may be conducted, and all deadlines are tolled, until after April 19, 2020."[4] *Fourth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9045, ¶3.a (Tex. Mar. 19, 2020). Stan states that his and Joy's inability to afford the payments led to Wilmington's "winning" its summary-judgment motion and that "the bond hearing, by law, through [the] Emergency Order, should not have occurred . . . and was improper," and thus, everything "resulting from the bond hearing . . . should be invalidated."

In mid-May, the supreme court lifted its suspension of eviction proceedings: "Beginning May 19, 2020, eviction proceedings may resume and deadlines are no longer tolled, and beginning May 26, 2020, warnings may be posted and writs of possession may be executed." *Fifteenth Emergency Order Regarding the COVID-19 State of*

---

[4]In subsequent orders, the Texas Supreme Court extended that date. *See Twelfth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9059, ¶7.a (Tex. Apr. 27, 2020); *Ninth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9052, ¶3.a (Tex. Apr. 6, 2020).

*Disaster*, Misc. Docket No. 20-9066, ¶2 (Tex. May 14, 2020). On July 15, 2020, the trial court heard Wilmington's summary-judgment motion by submission and signed an order granting the motion and awarding possession of the property to Wilmington. Even if the trial court's holding the March 24, 2020 hearing and setting the $10,800 monthly bond violated the supreme court's emergency COVID-19 orders, such error was harmless because the supreme court had lifted its eviction-proceedings suspension months before the trial court heard and granted Wilmington's summary-judgment motion. *See* Tex. R. App. P. 44.1(a). We thus overrule Stan's second issue.

### III. Joy's Appeal

The Onyedebelus' brief was due February 16, 2021. On February 19, 2021, Stan moved to extend the time for filing his brief, and we granted his motion and extended his briefing deadline to March 16, 2021. Stan failed again to timely file his brief. But he later submitted a brief on his behalf and filed another extension motion, which we granted. We ordered his tendered brief filed April 1, 2021.

But Joy failed to timely file a brief or move for an extension to do so. On March 5, 2021, we notified her that her brief had not been filed as the appellate rules require. *See* Tex. R. App. P. 38.6(a). We informed her that we could dismiss her appeal for want of prosecution unless, within ten days, she filed with the court her brief and an accompanying motion reasonably explaining the brief's untimely filing and why an extension was needed. *See* Tex. R. App. P. 10.5(b), 38.8(a)(1), 42.3(b). We received no response. Because Joy has failed to file a brief even after we afforded an opportunity

12

to explain the initial failure, we will dismiss her appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b), 43.2(f).

## IV. Conclusion

Having overruled both of Stan's issues, we affirm the trial court's judgment as to Stan. *See* Tex. R. App. P. 43.2(a). Because Joy failed to file a brief, we will dismiss her appeal for want of prosecution. *See* Tex. R. App. P. 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  September 23, 2021